STATE FARM AUTOMOBILE INSURANCE COMPANY *v.* ROSE, ADMR., ET AL.

[Cite as *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528.]

(No. 90–2399—Submitted May 22, 1991—Decided August 21, 1991.)

*Buckingham, Doolittle & Burroughs* and *David W. Hilkert,* for petitioner State Farm.

*Dennis M. Zavinski,* for respondents John Rose et al.

**530**

*Roetzel & Andress, Ronald B. Lee* and *Lee A. Schaffer,* in support of petitioner for *amici curiae,* Progressive Casualty Insurance Co. and Meridian Mutual Insurance Co.

---

HOLMES, J. The sole issue before us on certification from the federal district court is whether "the language in coverage A, liability coverage, as amended in endorsement 6890AW [1] ["endorsement"] [is] clear and unambiguous so as to limit *all* derivative death claims of John Rose to a single $50,000.00 recovery?" (Emphasis added.) For the reasons which follow, we answer this query in the affirmative.

The language in the endorsement (numbered 6890AW) which the parties agree controls the resolution of this issue is as follows:

"The amount of bodily injury liability coverage is shown on the declarations page under 'Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident'. Under 'Each Person' is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to *bodily injury* to one *person.* Under 'Each Accident' is the total amount of coverage, subject to the amount shown under 'Each Person', for all such damages arising out of and due to *bodily injury* to two or more *persons* in the same accident."

A clause similar to the one at bar was reviewed in *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83. In *Burris,* the administrator of an estate sought recovery in the amount of $300,000 from Grange Mutual. Grange Mutual had issued a "split limits" policy in the amount of $100,000 per person and $300,000 per occurrence. *Id.* at 87, 545 N.E.2d at 87. This court, in construing the policy language, held that only $100,000 was available to be recovered by the deceased's estate. In so holding, this court relied upon the following policy language:

" 'Limits of Liability: The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of

---

1. The 6890AW endorsement was in effect from October 25, 1988 to December 27, 1988 as provided in the "Declarations Page." Thus, Coverage A of the insured's policy was amended during this period to provide for the language contained in the endorsement.

bodily injury sustained by two or more persons as the result of any one occurrence.'" *Id.* at 87, 545 N.E.2d at 87.

We find the "Limits of Liability" clauses in *Burris* and the case at bar to be essentially the same. Both policies in these cases make it absolutely clear that *all* claims resulting from an injury to one person involved in a single accident will be subject to the "Each Person" limit of liability contained in the respective policy.

As in *Burris*, the claimant in this case, Mr. Rose, cites *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, as controlling the outcome of this decision. In *Wood*, this court stated:

"Each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, and who is an insured under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claims may not be made subject to the single person limit of liability in the underinsured motorist provision." *Id.* at syllabus.

In *Burris*, this court distinguished and limited *Wood* by stating:

"Appellant [the decedent's mother] argues that since she is within the class of beneficiaries enumerated in R.C. 2125.02(A)(1), as are Sanford J. Burris, Jr. [the decedent's son and the administrator of the estate] and the siblings, each has a claim of recovery under *Wood, supra,* and the $300,000 per occurrence limitation rather than $100,000 each person limitation applies. It is claimed that any other interpretation would create an anomaly, in that such limitation would be inapplicable with respect to uninsured motorist coverage but valid under a general liability policy. It is then argued that it is manifestly unfair to require uninsured and underinsured insurance policies to provide greater coverage than general liability policies.

"The purported anomaly is illusory. It is manifest that the *Wood* holding as to the invalidity of such policy provisions rests upon the duty of an insurer to provide coverage pursuant to R.C. 3937.18 and any attempts, without statutory authorization, to limit such coverage frustrate the purpose of R.C. 3937.18. Appellant points to no similar statute which precludes such single person limitations in a general liability insurance policy." *Burris, supra,* 46 Ohio St.3d at 87–88, 545 N.E.2d at 87–88.

Furthermore, in limiting *Wood* only to uninsured policy provisions, the *Burris* court found its rationale inapplicable to the invalidation of the per-person policy limitations before it. *Id.* at 88–89, 545 N.E.2d at 88.

Generally, in construing contracts of insurance, words in a policy must be given their plain and ordinary meaning, and only in situations where the contract is ambiguous and thus susceptible to more than one meaning must

the policy language be liberally construed in favor of the claimant who seeks the benefits of coverage. *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 362, 513 N.E.2d 1324, 1327; *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949. Stated another way, this court will not employ a liberal construction of a contract of insurance in the absence of any ambiguity in its language. See *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 166–167, 10 OBR 497, 499, 462 N.E.2d 403, 406.

In determining the limitations insurance companies may place in their liability coverages, Justice Herbert R. Brown, in his concurring opinion in *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St.3d 162, 167, 556 N.E.2d 1150, 1154, properly recognized:

" * * * (1) that wrongful death claimants do have separate claims under R.C. 2125.02(A)(1); (2) that under R.C. 3937.18 an insurance carrier may apply a single limit to separate claims arising out of a single bodily injury provided the policy limitation tracks the corresponding limitation on liability coverage; but (3) that insurance companies have the burden of stating policy limitations clearly and unambiguously." See, also, *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789; *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716; *Burris, supra,* at paragraphs one and two of the syllabus; *Hill v. Allstate Ins. Co.* (1990), 50 Ohio St.3d 243, 246, 553 N.E.2d 658, 661–662.

Thus, we further limit the holding in *Wood v. Shepard, supra,* and find it applicable only to those instances where the policy limitations in uninsured or underinsured motorist provisions do not track the corresponding limitation on liability coverage, and are ambiguous on their face. Accordingly, an automobile insurance policy may apply a single limit to separate claims arising out of a single bodily injury, notwithstanding the provisions of R.C. 2125.02, provided that such policy limitation tracks the corresponding limitation on liability coverage, and is unambiguously stated. See *Burris, supra; Hill, supra; Phillips, supra,* 52 Ohio St.3d at 167, 556 N.E.2d at 1155 (Holmes, J., dissenting) (" * * * the principle that limits on insurance for claims arising from bodily injury can be made, if such limits are plain and unambiguous, is established law in this state, regardless of whether such limits are found in the liability provisions or the uninsured-underinsured provisions of an automobile policy, and notwithstanding the syllabus in *Wood, supra* * * *.")

In the case *sub judice,* the language contained in the policy's endorsement clearly and unambiguously sets forth the policy limitations and such limitations tracked the corresponding limitations on general liability coverage. Specifically, as pertinent to this case, the policy endorsement provided that *all* claims arising out of each bodily injury to one person involved in a single

accident would be subject to the $50,000 "Each Person, Each Accident" limit. Therefore, Mr. Rose and all similarly situated claimants in this case are foreclosed from seeking redress for more than $50,000 or part thereof under the policy's endorsement. It is of no consequence that the action herein may be premised as a wrongful death action pursuant to R.C. 2125.02, since as stated in *Burris, supra,* and this opinion, the endorsement may apply a single limit to separate claims arising out of a single bodily injury.

Accordingly, for the foregoing reasons, the question certified to us by the federal district court is answered in the affirmative.

*Judgment accordingly.*

MOYER, C.J., WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

SWEENEY, J., dissenting. Based on the reasoning contained in my dissenting opinion in *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 95, 545 N.E.2d 83, 93–94; and my opinion in *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St.3d 162, 556 N.E.2d 1150, I dissent from the majority opinion herein. By its decision today, the majority has totally emasculated the will of the General Assembly with respect to the manifest intent of the wrongful death statutes (R.C. 2125.01 and 2125.02). By further "limiting" the well-reasoned decision in *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, the members of the present majority create more uncertainty in this area of law at the expense of the policyholders who will receive less than Ohio law entitles them to in their policies of automobile insurance.

In addition, the majority's "limiting" of *Wood v. Shepard, supra,* is curious indeed, inasmuch as the instant case involves a liability policy whereas *Wood v. Shepard* concerned itself solely with underinsured motorist coverage. Thus, it is clear that the majority herein has gone far beyond the scope of the certified question presented to this court, and has gratuitously arrived at what appears to be a pre-ordained result.

Interestingly, the majority seems to intimate that insurance companies may ignore the mandates of R.C. 3937.18 so long as the uninsured and underinsured provisions in their policies are unambiguous on their face. Since this would clearly frustrate the intent and purposes of R.C. 3937.18, as explained in *Wood v. Shepard, supra,* I believe such violations of the law should never be countenanced by this court.

For these reasons, I would answer the certified question from the federal district court in the negative, and permit recovery for all wrongful death claims to the full $100,000 per-accident limit in the subject policy.

DOUGLAS and RESNICK, JJ., concur in the foregoing dissenting opinion.