**PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellee,**

**v.**

**OAKFORD; Thorpe, et al., Appellants.**

[Cite as *Progressive Cas. Ins. Co. v. Oakford* (1992), 79 Ohio App.3d 97.]

Court of Appeals of Ohio,
Portage County.

No. 91–P–2303.

Decided April 1, 1992.

Ronald B. Lee and Lee A. Schaffer, for appellee.

Donald P. Mitchell, Jr., for appellants.

---

JOSEPH E. MAHONEY, Judge.

Appellant, Donna Thorpe, is the administratrix of the estate of decedent, Michael Allen Thorpe, who was killed in a single-car accident. Appellant brought a wrongful death action on behalf of herself and two minor children against Raymond D. Oakford, who was insured by appellee, Progressive Casualty Insurance Company. Appellant and appellee entered into a settlement agreement wherein they stipulated that the damages exceeded $25,000 ("each accident" limit), and that appellee would pay $12,500 ("each person" limit) and an additional $12,500 if the per accident limits of the insurance policy applied. Thus, appellee filed a declaratory judgment action in the Portage County Court of Common Pleas requesting that the court interpret the policy and declare whether the per person or per accident policy limits apply.

On March 4, 1991, the trial court entered a declaratory judgment in favor of appellee, finding that " * * * the policy limits for 'each person' coverage are determined by the number of persons injured in the accident (in this case one) [;] * * * therefore, * * * the only portion of the policy of Progressive which is available for satisfaction of the wrongful death claim underlying this action is the 'per person' limit." The court based its decision on *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83, and specifically rejected appellant's reliance on *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St.3d 162, 556 N.E.2d 1150 "[*Cincinnati II*"], which was a plurality opinion and thus considered not a binding precedent.

Appellant has filed a timely appeal and now presents the following sole assignment of error:

"Whether the trial court erred to the prejudice of defendant-appellant by awarding judgment for plaintiff-appellee, Progressive Insurance Company, where such judgment was based on the improper and erroneous application of the 'per person' limitation of insurance liability to claims for wrongful death."

Citing *Cincinnati II, supra,* and *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, appellant argues that each beneficiary holds a separate claim and that such claims may not be subject to the per person limitation of liability

in automobile insurance policies. Appellant maintains that *Burris, supra,* has been overruled by *Cincinnati II,* which was decided a year after *Burris.*

This argument is not well taken. *Burris* has not been overruled and has been applied and followed most recently in *State Farm Auto Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459. In *Burris,* the court held at paragraph two of the syllabus:

"The limits of liability coverage in an automobile liability insurance policy that provides for 'each person' a maximum limit of coverage for all damages for bodily injury, including death, sustained by one person as the result of any one occurrence, are determined by the number of persons injured or killed in any one accident, *not* by the number of persons incurring damages as a result of the injuries or death to the persons actually in the accident."

Distinguishing and further limiting *Wood v. Shepard,* the *Rose* court followed *Burris* and held at the syllabus:

"An automobile liability insurance policy may apply a single limit to separate claims arising out of a single bodily injury provided the policy limitation tracks the corresponding limitation on liability coverage, and is unambiguously stated. * * * "

Thus, based on *Rose* and *Burris,* the per person single limit of liability applies if the limitation is unambiguously stated.

The relevant language of the policy at issue *sub judice* is as follows:

"Limits of Liability—

"A. Regardless of the number of vehicles insured, separate premiums paid, **insured persons,** claims made, vehicles involved, or lawsuits brought, the maximum **we** shall pay under this Part V shall be the Limits of Liability shown on the Declarations Page, subject to the following:

"1. the Limit for 'each person' is the maximum **we** will pay for **bodily injury** sustained by any one **insured person** in any one **accident,** and if an **insured person** sustains **bodily injury,** only the Limit for 'each person' will apply to the aggregate of claims made for such **bodily injury** and any and all claims derived from such **bodily injury** including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death;

"2. subject to the Limit for 'each person', the Limit for 'each accident' is the maximum **we** will pay for **bodily injury** sustained by two or more **insured persons** in any one **accident** and includes all derivative claims which include, but are not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death."

The foregoing language, which is very similar to policy language in *Burris*, unambiguously states when the "each person" and the "each accident" limitations apply and, unlike the policy language in *Cincinnati II*, specifically includes all derivative claims for bodily injury as part of the limitation. Since the claims herein are derivative of the bodily injury sustained by decedent, Michael Allen Thorpe, the "each person" limitation applies. Therefore, appellant's assignment of error is without merit.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and NADER, J., concur.