BERLEMAN, Admr., et al., Appellees and Cross–Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and State Farm Fire and Casualty Company,* Appellants and Cross–Appellees.

[Cite as *Berleman v. State Farm Mut. Auto. Ins. Co.* (1992), 76 Ohio App.3d 81.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–910231, C–910254.

Decided April 29, 1992.

---

\* State Farm Fire and Casualty Company was not named as a defendant in the complaint nor was it served with process. The record does not reflect that process was waived or an answer filed by State Farm Fire and Casualty Company. However, the trial court declared in paragraph 3(A) of the declaratory judgment that State Farm Fire and Casualty Company had issued a policy of insurance which was relevant to the action before the lower court. The notice of appeal herein, No. C–910231, was filed, jointly, by State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company. The absence in the record of facts showing jurisdiction over State Farm Fire and Casualty Company has not been raised by that company and the absence of standing for that company to bring this appeal has not been raised by the appellees. Therefore, we do not address these matters and our decision should not be interpreted as any conclusion on them.

*Kimpel, Hyland, Weinkam & Goodson* and *Brett C. Goodson,* for appellees/cross-appellants.

*Cash, Cash, Eagen & Kessel* and *Melvin J. Kessel,* for appellants/cross-appellees.

---

*Per Curiam.*

This cause came on to be heard upon the appeals, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the assignments of error, the briefs and arguments of counsel. The appeals were consolidated for purposes of briefing, hearing and decision.

On November 1, 1986, Phillip G. Russo, an uninsured motorist, was operating a motor vehicle in which Lana Berleman's son was a passenger. The automobile was involved in an accident and Rodney Scott Bethel, the son of Lana Berleman and John Bethel, sustained fatal injuries. Prior to his death, Rodney Scott Bethel resided with his mother, one of his sisters, Kimberly Bethel Caddell, and his stepfather, Howard E. Berleman. The decedent was also survived by his father, John Bethel, and another sister, Patricia Bethel Hancock, neither of whom resided with Rodney.

This action was commenced by Lana Berleman, individually and as administrator of the estate of her deceased son, and by Kimberly Bethel Caddell, who

sought a declaration of their rights under several policies of automobile insurance issued by State Farm Mutual Automobile Insurance Company ("appellant").[1]

In addition, as noted in the declaratory judgment, State Farm Fire and Casualty Company had issued a policy that was relevant to the action before the trial court.[2] On the motion of the appellant, the trial court ordered that John Bethel and Patricia Bethel Hancock be made additional parties plaintiff and the appellant was granted leave to file an amended counterclaim also seeking a declaratory judgment. The plaintiffs, with the exception of John Bethel, filed a reply to the amended counterclaim pursuant to Civ.R. 7(A). John Bethel is in default for reply to the amended counterclaim.

In the introductory paragraph of the declaratory judgment, the court stated that the judgment was based on the complaint, the amended counterclaim, the stipulations,[3] the evidence, the written briefs and memoranda, and the oral argument.

The concluding paragraph of the judgment records the finding of the trial court that Lana Berleman and Kimberly Bethel Caddell "each have a separate claim for up to the $100,000 [per-person limits] * * * under the arbitration provisions of said policies and that none of the other Plaintiffs have claims under said policies."

The appellants filed a timely notice of appeal in which they assign a single error as follows:

"The trial court erred in declaring that Plaintiff–Appellees Lana Berleman and Kimberly Bethel Caddell each had a separate claim for damages for the wrongful death of Rodney Scott Bethel, which may not be made subject to the single person limit of liability, although the limit of liability of $100,000 for

---

1. The policies issued by appellant are as follows:
 1. Policy # S2138 846 F30 35D on a 1986 Chevrolet pickup truck;
 2. Policy # 2138 848 F30 35 on a 1982 Chevrolet van;
 3. Policy # 2138 847 F30 35A on a 1974 Chevrolet Monte Carlo;
 4. Policy # 2260 957–F07–35A on a 1982 Toyota Corolla.
 The named insured in the first three policies noted above is Howard E. Berleman. The named insured in the fourth policy is Kimberly Berleman or Kimberly Bethel.

2. Policy # S219 847 F30 35 on a 1957 Chevrolet pickup, with the named insured being Howard E. Berleman.

3. The record as transmitted to this court does not contain any stipulations, although the trial memorandum filed by the appellees gives the instruction, in several places, "See Stipulations." A stipulation by the parties was filed in this court, pursuant to App.R. 9(E), providing plaintiffs' exhibits 1 through 14 and defendants' exhibits 1 through 6 which had been identified and were the subjects of testimony in the deposition of Stephen Slagie but, inadvertently, had not been attached to the deposition before it was filed. The stipulation identifies the deponent as Steven Slagel.

bodily injury, including death, to one person, contained in the uninsured motorist coverage policies issued by Defendants–Appellants, was clear, conspicuous, and unambiguous."

The appellees filed a cross-appeal in which they advance three assignments of error as follows:

### First Assignment of Error

"The trial court erred in declaring that the anti-stacking language contained in the five insurance policies and endorsement 6895 AF limited the uninsured motorist coverage arising out of the death of Rodney Bethel to $100,000 per person and $300,000 per accident."

### Second Assignment of Error

"The trial court erred in declaring that John Bethel and Patricia Bethel Hancock were not insureds under the four insurance policies issued to Howard Berleman."

### Third Assignment of Error

"The trial court erred in declaring that Rodney Bethel did not have a separate claim for wrongful death under the uninsured motorist coverage in the five insurance policies."

The assignment of error advanced by the appellant is well made; the three assignments of error presented by the cross-appellants are without merit.

 The question presented in the case we review is whether the limit of liability for the death of one person contained in the policies of uninsured motorist insurance in a clear, conspicuous, and unambiguous manner is valid and enforceable under the provisions of R.C. 3937.18 and 2125.02. The question has been answered both in the affirmative and in the negative by the Ohio Supreme Court in a series of split decisions. In chronological order, see *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089; *Cincinnati Ins. Co. v. Phillips* (1989), 44 Ohio St.3d 163, 541 N.E.2d 1050; *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83; and *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St.3d 162, 556 N.E.2d 1150 (on reconsideration). Finally, the Supreme Court decided the case of *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459.

In *Rose, supra,* the Supreme Court responded to a question of Ohio law certified to it by the United States District Court, Northern District of Ohio, pursuant to S.Ct.Prac.R. XVI. The Supreme Court stated, at 530, 575 N.E.2d at 460, of the officially reported decision, that the sole issue before it on certification from the federal court was whether "the language in coverage A,

liability coverage, as amended in endorsement 6890AW * * * [is] clear and unambiguous so as to limit *all* derivative death claims of John Rose to a single $50,000 recovery." (Emphasis *sic*.)

The Supreme Court answered in the affirmative in its syllabus, which is as follows:

"An automobile liability insurance policy may apply a single limit to separate claims arising out of a single bodily injury provided the policy limitation tracks the corresponding limitation on liability coverage, and is unambiguously stated. (*Burris v. Grange Mut. Cos.* [1989], 46 Ohio St.3d 84, 545 N.E.2d 83, applied and followed; *Wood v. Shepard* [1988], 38 Ohio St.3d 86, 526 N.E.2d 1089, further limited and distinguished.)"

It should be noted that State Farm Auto. Ins. Co. in the *Rose* case sought, in the federal court, a declaratory judgment as to the limit of its liability to its insured who had negligently caused the death of Karen Rose in an automobile collision. In a separate state-court action, John Rose, husband and administrator of the estate of Karen Rose, sought compensation for her wrongful death. The estate's case was settled by an agreement for payment of the policy limits which, in turn, caused the filing of the declaratory judgment action. The insurance company argued that the $50,000 per-person limit applied; John Rose argued that the $100,000 per-occurrence limit should be applied, and cited *Wood v. Shepard, supra.* The Supreme Court held that the per-person limit would apply under the conditions noted in its syllabus.

In *Rose,* the Supreme Court followed the rule in *Burris v. Grange Mut. Cos., supra,* that "an automobile liability insurance provision that limits coverage for all damages arising out of bodily injury, including death, sustained by one person to a single limit of liability is a valid restriction." *Burris, supra,* paragraph one of the syllabus. In so holding, the court limited *Wood v. Shepard* to instances where insurance companies attempt to evade providing uninsured/underinsured coverage without statutory authorization. *Burris* was also distinguished from *Wood* on the basis that there is no privity of contract between a tort claimant and the insurer of a tortfeasor, the circumstance in *Burris;* in an uninsured motorist policy, the insured has paid a premium to the insurer for the contractual benefit, the circumstance in *Wood.* The court in *Rose* further limited the holding in *Wood v. Shepard* to be applicable only in those instances where the policy limitations in uninsured or underinsured motorist provisions "do not track the corresponding limitation on liability coverage, and are ambiguous on their face." *Rose, supra,* 61 Ohio St.3d at 532, 575 N.E.2d at 462.

The paragraph numbered 7 of the declaratory judgment in the case that we review is as follows:

"7. The limit of liability of $100,000 for bodily injury, including death, to one person contained in said policies['] uninsured motorist coverage is clear, conspicuous, and unambiguous. Nevertheless, the Court finds the case of *Wood v. Shepard*, 38 Ohio St.3d 86, 526 N.E.2d 1089 is controlling and Lana Berleman and Kimberly Bethel Caddell each have a separate claim which may not be made subject to the single per person limit of liability."

*State Farm Auto. Ins. Co. v. Rose* was decided on August 21, 1991, after the declaratory judgment had been entered on February 25, 1991, in the case we review. Nevertheless, the law as pronounced in *Rose* is applicable to the instant matter. See *Linkletter v. Walker* (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. *State Farm Auto. Ins. Co. v. Rose* held that endorsement 6890AW was similar to the clause in *Burris v. Grange Mut. Cos.*, in which the court upheld the application of the per-person limitation of coverage and distinguished *Wood v. Shepard.* The same endorsement, 6890AW, is attached to the policies in the case on review. The trial court, in finding that *Wood v. Shepard* is the controlling authority, was correct at the time. However, the *Rose* case has made that ruling erroneous. We, therefore, sustain the sole assignment of error advanced by the appellants.

■ The appellees/cross-appellants' first assignment of error is overruled on the authority of *Burris v. Grange Mut. Cos.* The trial court stated in its judgment that all five policies bore endorsement 6895AF, which is the contractual provision prohibiting the stacking of coverages. The endorsements meet the requirements set up in *Ady v. West Am. Ins. Co.* (1981), 69 Ohio St.2d 593, 23 O.O.3d 495, 433 N.E.2d 547.

■ The second assignment of error posited by the appellees/cross-appellants is not well made because of the presence of endorsement 6890AW, which changed the definition of "insured" so as to delete from the definition the class identified as "any person entitled to recover damages because of bodily injury to an insured." Since neither John Bethel nor Patricia Bethel Hancock was living with the decedent at the time of his death, they did not qualify as insureds.

The third assignment of error by appellees/cross-appellants is overruled on the authority of *State Farm Auto. Ins. Co. v. Rose.*

Having considered and ruled upon all assignments of error briefed and argued, we reverse the judgment of the trial court in appeal number C–910231, and remand the cause for further proceedings in accordance with law and this decision. The judgment is affirmed in appeal number C–910254.

*Judgment accordingly.*

KLUSMEIER, P.J., HILDEBRANDT and UTZ, JJ., concur.