**Estate of OLDHAM et al., Appellants,**

**v.**

**STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellee.**

[Cite as *Estate of Oldham v. State Farm Auto.
Ins. Co.* (1992), 81 Ohio App.3d 802.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–353.

Decided July 17, 1992.

*Christopher A. Jasin,* for appellants.

*George C. Ward,* for appellee.

---

HANDWORK, Presiding Judge.

This case is an accelerated appeal from the September 16, 1991 judgment of the Lucas County Court of Common Pleas, which granted summary judgment in favor of appellee, State Farm Mutual Automobile Insurance Company, and dismissed the declaratory judgment action of appellants (the estate, heirs, and beneficiaries of Marian E. Oldham, deceased). On appeal, appellants assert the following sole assignment of error:

"The trial court errored [*sic*] in granting defendants [*sic*] motion for summary judgment in that there exist genuine issues of material fact."

The facts in this case can be briefly stated as follows. Marian E. Oldman was killed in an automobile accident while driving a vehicle owned by Morris Stone. The accident was caused by Stacy L. Jones, who was driving a vehicle owned by Marilyn Jones. A wrongful death action was brought by appellants against the Joneses and was settled for the $50,000 policy limits under Marilyn Jones' insurance policy. A wrongful death action was also brought by appellants against Stone's uninsured/underinsured coverage. Stone's policy provided for limits of $100,000 per person/$300,000 per accident. Appellants brought this declaratory judgment action against appellee, Stone's insurer, to determine whether the $100,000 or $300,000 limit applies in this case.

Appellants moved for summary judgment on their complaint, asserting that they are entitled to aggregate coverage. They asserted two bases for summary judgment. First, appellants argued that the unambiguous policy language provided that each plaintiff is an insured. Second, appellants asserted that each "insured" has a separate claim for damages and that appellants are not limited as a group to the $100,000 per person limit for underinsured motorist coverage. Appellants relied upon the holding in *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089.

Appellee also moved for summary judgment, arguing that only the decedent was an insured under the unambiguous policy language and, therefore, the per person policy limit applies. Appellee argued that the *Wood* case is distinguishable on its facts since it involved several "insureds" who sought to recover under the policy.

The trial court held that appellee was entitled to summary judgment because the policy unambiguously limited coverage to the per person limit for all claims due to the bodily injury to one person. The court held that the *Wood* case has been limited by *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459, which allows an insurance company to limit its coverage for uninsured/underinsured claims.

On appeal, appellants argue that the *Rose* case is distinguishable from the case before us because it did not involve uninsured/underinsured claims and, therefore, did not modify the holding in the *Wood* case. Alternatively, appellants argue that even if the holding in the *Rose* case is controlling in the case before us, summary judgment in favor of appellee was inappropriate because the limiting language does not "track" the language of the general provisions of the policy.

Summary judgment is appropriate if:

" * * * the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * " Civ.R. 56(C).

In *Rose, supra,* the Supreme Court of Ohio held that policy language prohibiting wrongful death claimants from stacking their claims against the

tortfeasor's liability coverage (thereby limiting their recovery to a "single bodily injury" limit rather than a "per accident" limit) was enforceable. However, the court's syllabus in that case went beyond the holding of the case. The syllabus states that policy language limiting wrongful death claimants from stacking their claims against uninsured/underinsured coverage is enforceable if such a limitation "tracks the corresponding limitation on liability coverage, and is unambiguously stated." We feel constrained as an appellate court to follow the syllabus precedent. Therefore, we conclude that the wrongful death claimants in this case were collectively limited to recover up to the $100,000 per person limit under the policy if the limitation provisions of the liability and uninsured/underinsured coverage sections are identical and unambiguous.

Appellants argue that the following limitation on liability provision of the uninsured/underinsured coverage section of the policy does not track the general provision of the uninsured/underinsured coverage section of the policy.

"We will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle**. The **bodily injury** must be caused by accident arising out of the operation, maintenance or use of an **uninsured vehicle**."

■ We find that appellants misunderstand the "tracking" requirement under the *Rose* syllabus. It is the limitation sections of the liability and uninsured/underinsured coverage sections that must track each other. It appears that appellants are arguing that the general provisions of the policy conflict with the limitation provisions. This same argument was presented by Justice Douglas in his dissent in *Cincinnati Ins. Co. v. Phillips* (1989), 44 Ohio St.3d 163, 167, 541 N.E.2d 1050, 1054, reversed on rehearing in (1990), 52 Ohio St.3d 162, 556 N.E.2d 1150. While this argument has merit, we are bound to follow the syllabus in the *Rose* case.

In this case, the limitation on liability provision of the uninsured/underinsured coverage section of the original policy reads as follows:

"**Limits of Liability**

"1. The amount of coverage is shown on the declarations page under 'Limits of Liability—U—Each Person, Each Accident'. Under 'Each Person' is the amount of coverage for all damages due to **bodily injury** to one **person**. Under 'Each Accident' is the total amount of coverage for all damages due to **bodily injury** to two or more **persons** in the same accident.

"2. Any payment made to a **person** under this coverage shall reduce any amount payable to that **person** under the bodily injury liability coverage.

"3. The limits of liability are not increased because:

"a. more than one vehicle is insured under this policy; or

"b. more than one **person** is insured at the time of the accident.

"4. The maximum total amount payable to all **insureds** under this coverage is the difference between the 'each accident' limits of liability of this coverage and the amount paid to all **insureds** by or for any **person** or organization who is or may be held legally liable for the **bodily injury**.

"Subject to the above, the most we pay any one **insured** is the lesser of:

"(1) the difference between the 'each person' limits of liability of this coverage, and the amount paid to the **insured** by or for any **person** or organization who is or may be held legally liable for the **bodily injury**; or

"(2) the difference between the amount of the **insured's** damages for **bodily injury**, and the amount paid to the **insured** by or for any **person** or organization who is or who may be held legally liable for the **bodily injury**."

The limitation on liability provision of the liability coverage section of the original policy reads as follows:

"**Limits of Liability**

"The amount of bodily injury liability coverage is shown on the declarations page under 'Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident'. Under 'Each Person' is the amount of coverage for all damages due to **bodily injury** to one person. Under 'Each Accident' is the total amount of coverage for all damages due to **bodily injury** to two or more **persons** in the same accident.

"The amount of property damage liability coverage is shown on the declarations page under 'Limits of Liability—Coverage A—Property Damage, Each Accident'.

"We will pay damages for which an insured is legally liable up to these amounts.

"The limits of liability are not increased because more than one **person** or organization may be an **insured**.

"When two or more motor vehicles are insured under this section the limits apply separately to each."

The parties dispute whether an amendment to the above provisions was in effect at the time of the accident in this case. The amendment provided that the first paragraph of the limitation on liability provision in the uninsured/underinsured coverage section was to be replaced with the following paragraph:

" '1. The amount of coverage is shown on the declarations page under "Limits of Liability—U—Each Person, Each Accident". Under "Each Per-

son" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to **bodily injury** to one **person**. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to **bodily injury** to two or more **persons** in the same accident.' "

The amendment also provided that the first paragraph of the limitation on liability provision in the liability coverage section was to be replaced with the following paragraph:

" 'The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to **bodily injury** to one **person**. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to **bodily injury** to two or more **persons** in the same accident.' "

█ The trial court analyzed the case before us based upon the original policy language. Since there was a genuine issue as to which provisions were applicable, the trial court erred in basing its decision on the original provisions. However, the trial court's granting of summary judgment in this case was correct because the use of either the original or the amended language was not a material issue in this case as it does not alter the outcome of the case.

█ We conclude that the limitation provisions of the liability and uninsured/underinsured coverage sections (whether amended or not) are identical to each other, and, therefore, the "tracking" requirement has been met in this case.

Appellants also argue that the limitation provisions in the case before us are not identical to those found in the policy which was the subject of the *Rose* case. Although the provisions are not identical, both the original and amended provisions are significantly similar to the *Rose* provisions. In any event, we find that the limitation provisions before us unambiguously limit recovery by the wrongful death claimants to the $100,000 per person limit.

Consequently, we find appellants' sole assignment of error not well taken.

Having found that the trial court did not commit error prejudicial to appellants, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.

*Judgment affirmed.*

GLASSER, P.J., concurs.

RESNICK, J., dissents.

MELVIN L. RESNICK, Judge, dissenting.

I dissent from the majority's opinion because I believe that we are not bound to follow the syllabus in the *Rose* case.

S.Ct.R. Rep.Op. 1(B) provides that "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication."

I agree with the dissent of Justice A.W. Sweeney in *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 533, 575 N.E.2d 459, 462, that the majority in that case decided an issue of law which was not before them when the majority held that the anti-stacking language in an uninsured/underinsured coverage provision is enforceable against wrongful death claimants under certain circumstances. Consequently, such a syllabus would not be binding on a lower court. We should, therefore, apply the law as stated in *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, and reverse the cause before us.