**96–852.** Holt v. Grange Mut. Cas. Co. *Butler County,* No. CA95–11–192. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Entry Granting Motion for Certification, filed April 3, 1996:

"The above cause is before the court pursuant to a motion to certify conflict to the Ohio Supreme Court filed by counsel for appellant, Grange Mutual Casualty Co., on March 12, 1996, and a memorandum in opposition filed by counsel for appellee, Ingrid E. Holt, Executrix, on March 19, 1996. Appellant contends that the court's decision in this case is in conflict with decisions by three other appellate courts: *Thompson v. Utomo* (Oct. 27, 1995), Lucas App. No. L–95–034, unreported [1995 WL 628242]; *Estate of Joseph Simone v. Nationwide Insurance Co.* (Nov. 3, 1994), Cuyahoga App. 67–81, unreported [1994 WL 613876]; and *Berleman v. State Farm Mutual Auto. Insurance Co.* (1992), 76 Ohio App.3d 81 [600 N.E.2d 1145].

"Upon due consideration of the foregoing, the court finds that its decision in this case is in fact in conflict with the three cases cited above. Accordingly, appellant's motion to certify is hereby GRANTED. The issue for certification is whether a wrongful death claimant who is a statutory beneficiary of an insured decedent can recover under the uninsured motorist provisions of the decedent's insurance policy if he is not a named insured under the policy."

F.E. SWEENEY, J., dissents.

RESNICK, J., not participating.