Plaintiffs, Gloria Rogers as executrix of the estate of Dennis J. Rogers, Gloria Rogers as the surviving spouse, and Sarah Rogers as the surviving daughter (collectively "appellants" herein), appeal the decision of the Butler County Court of Common Pleas granting summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). We affirm.
On January 22, 1996, appellants' decedent, Dennis Rogers, was killed in an accident when an automobile operated by Dawn Hurley went left of center and collided with Rogers' automobile. Hurley carried $100,000 in liability insurance coverage which her insurer paid to appellants with State Farm's consent.
Dennis Rogers was insured under a policy with State Farm. The policy provided underinsured motorist coverage with limits of $100,000 per person and $300,000 per accident. On January 21, 1998, appellants filed a complaint for declaratory judgment and other relief against State Farm claiming that each appellant as beneficiary suffered damage pursuant to R.C. 2125.02, Ohio's wrongful death statute. Appellants argued that they were each entitled to bring a separate claim for $100,000. In its answer, State Farm argued that the limits of liability set in the policy, $100,000 per person and $300,000 per accident, limited State Farm's liability to $100,000.
On March 25, 1998, State Farm filed a motion for summary judgment, and on May 8, 1998, appellants filed their own motion for partial summary judgment. On September 17, 1998, the trial court entered its decision denying appellants' motion and granting summary judgment to State Farm. Appellants appealed the trial court's decision raising three issues for our review under the following sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
We review the trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440,445. Pursuant to Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in its favor. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
Before determining whether the trial court's decision on summary judgment was erroneous, we must first determine what law controls. Resolution of appellants' first two issues for review turns on whether R.C. 3937.18 as amended October 20, 1994 by Am.Sub.S.B. No. 20 ("S.B. 20") controls, or whether the former version of R.C. 3937.18 as enunciated by Savoie v. Grange Mut.Ins. Co. (1993), 67 Ohio St.3d 500, controls.
It is well-established that an insurance policy is a contract between the insurer and the insured. Ohio Farmers' Ins. Co. v.Cochran (1922), 104 Ohio St. 427, paragraph one of the syllabus. The Ohio Supreme Court has held that "for purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into the contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos.
(1998), 82 Ohio St.3d 281, 289. The Ross court found that a subsequent statute may be incorporated into an insurance contract under one of two circumstances: (1) a new contract of insurance was entered after the statute took effect, or (2) a renewal of an existing policy, representing a new contract of insurance, occurred after the statute's effective date. Ross at 289.
The initial policy in this case was entered September 10, 1993 and was renewed each six months thereafter. The most recent renewal, prior to the accident, occurred on September 10, 1995, nearly a year after S.B. 20's effective date. Therefore, we must determine whether the September 10, 1995 renewal amounted to a new contract. If so, it is clear under Ross that S.B. 20 controls.
Recently, in Newkirk v. State Farm Mut. Ins. Co. (June 1, 1999), Preble App. No. CA98-05-005, unreported, this court construed the very same State Farm contract language at issue in this case. In Newkirk, we found:
 The policy was changed after the effective date of S.B. 20, changing the terms of the contract for insurance. Due to the fact that contractual language defines each six-month renewal as a new "term" contract of insurance and contains endorsement changes after S.B. 20, we find that the renewals after S.B. 20 each constituted new contracts of insurance. Therefore, R.C. 3937.18, as currently enacted (i.e., with the S.B. 20 amendments), applies to the insurance contract at issue. (Emphasis added.)
Id. at 11. In Newkirk, each six-month renewal constituted a new contract. Likewise, we find that the September 10, 1995 renewal in this case represented a new contract. Therefore, this contract is controlled by S.B. 20.
Under their first issue for review, appellants argue that summary judgment was inappropriate because, even if S.B. 20 controls, the policy language was too ambiguous to effectively incorporate the per person limit. S.B. 20 allows insurers to limit all claims arising out of a single bodily injury or death to a single policy limit. R.C. 3937.18(H). In other words, an insurance contract may state that all causes of action arising out of a single death are considered to be a single claim. Smith v.Mancino (1997), 119 Ohio App.3d 418, 420, discretionary appeal not allowed (1997), 79 Ohio St.3d 1505.
Appellants' insurance policy states in part: "Under `Each Person' is the amount of coverage for all damages arising out of and due to bodily injury to one person. `Bodily Injury to one person' includes all injury and damages to others arising out of and resulting from this bodily injury." The declarations page on appellants' policy provides uninsured motorist coverage up to $100,000 per person. Since this automobile accident involved the wrongful death of one individual, Dennis Rogers, the policy's $100,000 per person limit is applicable.
Appellants claim that the contract language is ambiguous and does not effectively incorporate the per person limit. The Ohio Supreme Court construed State Farm's limit of liability language in State Farm Auto. Ins. Co. v. Rose (1991), 61 Ohio St.3d 528, where the court found that it was "absolutely clear that all
claims resulting from an injury to one person involved in a single accident will be subject to the `Each Person' limit of liability * * *." (Emphasis sic.) Rose at 531. [1]
We find that the contract clearly and unambiguously limits all claims arising out of a single death to the single per person limit of $100,000. The contractual limit is authorized under the current version of R.C. 3937.18(H). Therefore, the provision, which was included in the September 10, 1995 renewal, was incorporated into the new contract of insurance represented by the September 10, 1995 renewal. Appellants' first issue for review is without merit.
Under their second issue for review, appellants argue that summary judgment was inappropriate because State Farm was not entitled to a complete set off despite the fact that appellants received $100,000 from the tortfeasor's insurance company. S.B. 20 clearly states: "The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." R.C.3937.18(A) (2).
The legislature provided that underinsured motorist coverage is not applicable where the tortfeasor's coverage is equal to or greater than the underinsured motorist coverage. Therefore, the insurer is entitled to offset against underinsured motorist coverage those amounts available for payment from the tortfeasor's insurance carrier. Sections 7-8, Am.Sub.S.B. No. 20. State Farm was entitled to offset $100,000, the amount paid by the tortfeasor's liability carrier. After applying the set-off, State Farm was not obligated to provide underinsured motorist coverage. Appellants' second issue for review is without merit.
Under their third issue for review, appellants argue that summary judgment was inappropriate because State Farm acted in bad faith by denying payment under the policy. Appellants also argue that punitive damages should have been imposed upon State Farm.
In Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, the Ohio Supreme Court held: "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." Id. at paragraph one of the syllabus. State Farm made the decision to deny coverage to appellant based upon the belief that S.B. 20 applied to this claim. We find no bad faith on the part of State Farm because State Farm's reliance upon S.B. 20 was reasonably justified. Appellants' third issue for review is without merit, and appellants' assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
VALEN, J., dissents.
[1] We note that Rose was overruled in part by Savoie; however, the court's construction of the contract language is applicable nonetheless.