This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, The Fidelity Casualty Company of New York ("Fidelity"), appeals the decision of the Summit County Court of Common Pleas Court, which awarded summary judgment in favor of appellees, Robert Heath, Jr., and his family. This Court reverses.
 I.
{¶ 2} Appellee Heath was injured in a one-car accident in a vehicle driven by Robert Ward. Heath and his family filed suit in the Summit County Common Pleas Court against Ward and Heath's own UM/UIM carrier, Allstate Insurance Company. The case was tried to a jury and the jury returned a verdict in favor of appellee for $368,500.00, which was reduced to judgment. Ward's liability carrier paid $12,500.00. Allstate paid $87,500.00, leaving $268,500 unsatisfied on the judgment.
{¶ 3} At the time of the accident, Heath was employed by Nestlé, USA, Inc., which contracted with Fidelity for a commercial auto liability policy with an aggregate limit of two million dollars.
{¶ 4} Appellees brought an action for declaratory judgment and damages in the Summit County Court of Common Pleas, seeking UIM benefits from Fidelity, pursuant to Scott-Pontzer v. Liberty Mutual Fire Ins. Co.
(1999), 85 Ohio St.3d 660. Appellant filed a motion for summary judgment, asserting that Heath was not an insured under the policy. Appellees filed an opposing motion for summary judgment. The trial court granted appellees' motion for summary judgment and denied appellant's motion.
{¶ 5} Appellant timely appealed, setting forth one assignment of error for review. Appellees cross-appealed, setting forth one assignment of error.
{¶ 6} This Court will first consider appellant's appeal.
 II. ASSIGNMENT OF ERROR
{¶ 7} "THE TRIAL COURT ERRED IN DECLARING THAT PLAINTIFFS ARE ENTITLED TO UNDERINSURED MOTORISTS BENEFITS UNDER THE BUSINESS AUTO POLICY ISSUED BY APPELLANT THE FIDELITY CASUALTY COMPANY OF NEW YORK, IN GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNDER THAT POLICY AND IN DENYING FIDELITY'S MOTION FOR SUMMARY JUDGMENT ON THE SAME POLICY."
{¶ 8} In its sole assignment of error, appellant asserts that the trial court erred in granting summary judgment to appellees and in denying its motion for summary judgment. This Court agrees.
{¶ 9} To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant meets this burden, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id. at 293.
{¶ 10} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Like the trial court, the appellate court must view the facts in the case in the light most favorable to the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the non-moving party. Id.
{¶ 11} Civ.R. 56(C) provides an exclusive list of materials that the trial court may consider on a motion for summary judgment. Spier v.Am. Univ. of the Caribbean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can only be introduced as evidentiary material through incorporation by reference in an affidavit. Martin v. Central OhioTransit Auth. (1990), 70 Ohio App.3d 83, 89. Furthermore, "documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court."Mitchell v. Ross (1984), 14 Ohio App.3d 75, 75.
{¶ 12} In their motion for summary judgment, appellees asserted that the commercial auto liability policy in question was ambiguous with respect to the definition of an insured, and, pursuant to Scott-Pontzer, supra, they were insureds under the policy. Appellant argued that the inclusion of a named individual on a broadened coverage endorsement form removes the ambiguity in the definition of an insured, and therefore,Scott-Pontzer does not apply to the facts of this case.
{¶ 13} If an insurance contract is clear and unambiguous, its interpretation is a question of law. Red Head Brass, Inc. v. BuckeyeUnion Ins. Co. (1999), 135 Ohio App.3d 616, 627; Beaver Excavating Co.v. United States Fid. Guar. Co. (1998), 126 Ohio App.3d 9, 14. In interpreting insurance policies, as with other written contracts, this Court looks to the terms of the policy to determine the intention of the parties concerning coverage. Minor v. Allstate Ins. Co., Inc. (1996),111 Ohio App.3d 16, 20. This Court must give the words and phrases in the policy their plain and ordinary meaning. Id., citing State Farm Auto Ins.Co. v. Rose (1991), 61 Ohio St.3d 528, overruled on other grounds, Savoiev. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, paragraph one of the syllabus. This Court begins its analysis with a review of the relevant policy language.
{¶ 14} The declaration page of the policy's commercial auto coverage identifies the named insured as "Nestlé USA, Inc." The policy provides the following definition for an insured:
{¶ 15} "1. Who is an Insured
{¶ 16} "The following are `insureds':
{¶ 17} "a. You for any covered `auto'.
{¶ 18} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except:
{¶ 19} "(1) The owner or anyone else from whom you hire or borrow a covered `auto'. This exception does not apply if the covered `auto' is a `trailer' connected to a covered `auto' you own.
{¶ 20} "(2) Your employee if the covered `auto' is owned by that employee or a member of his or her household.
{¶ 21} "(3) Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing, parking or storing `autos' unless that business is yours.
{¶ 22} "(4) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered `auto'."
{¶ 23} Several endorsements were added to the policy. The endorsements modified the policy. Endorsement number two, entitled "NAMED INSURED ENDORSEMENT," modified the policy to include the following as insureds:
{¶ 24} "Nestlé Holdings, Inc., Nestlé USA, Inc., Nestlé S. A. and all subsidiary, affiliated or associated companies, corporations, firms or organizations as may now or hereafter be constituted or acquired for which Nestlé Holdings, Inc. or Nestlé USA, Inc. has the responsibility of placing insurance and for which coverage is not otherwise more specifically provided."
{¶ 25} Endorsement number three, entitled "NAMED INSURED AMENDMENT," modified the insured to include: "Mario Corti" and "Mr. Hans Baumann."
{¶ 26} Appellees argue that they are entitled to UIM coverage based upon the authority of Scott-Pontzer. In Scott-Pontzer, the Supreme Court of Ohio addressed whether a corporation's employees are entitled to UIM coverage under the corporation's insurance policies. The Supreme Court held that when the named insured in an insurance company is a corporation, the definition of "you," as included in the definition of an insured, is ambiguous. Scott-Pontzer, 85 Ohio St.3d at 665. The Supreme Court therefore determined that the coverage applied to the corporation's employees, because "a corporation can act only by and through real live persons." Id. at 664.
{¶ 27} This Court has previously held that the inclusion of a named individual as an insured in a broadened coverage form removes the ambiguity in the definition of an insured for UIM benefits. WestfieldIns. Co. v. Galatis (Apr. 3, 2002), 9th Dist. No. 20784, 2002-Ohio-1502;Skala v. The Grange Ins. Co., 9th Dist. No. 20941, 2002-Ohio-5040. Therefore, this Court need not reach a Scott-Pontzer analysis on the facts of this case. Unlike Scott-Pontzer, where the insurance policy listed only the corporation as the named insured, without any regard to individual persons, Nestlé's commercial auto liability policy includes endorsements that name specific individuals as insureds. SeeScott-Pontzer, 85 Ohio St.3d at 664. Consequently, the policy language as to the definition of an insured is not ambiguous and is not open to the interpretation that employees of Nestlé are insureds for UIM coverage. See Galatis; Skala. This Court interprets the language of Nestlé's policy as providing UIM benefits only to the named individuals listed in the endorsements. Accordingly, appellee is not an insured under the terms of the policy, and he is not entitled to UIM benefits under the policy.
{¶ 28} Appellees also argue that Heath is an insured under the policy because of endorsement number 27 to the policy. This Court disagrees.
{¶ 29} Endorsement number 27, entitled, "EMPLOYEES AS INSUREDS," states, in relevant part:
{¶ 30} "The following is added to the LIABILITY COVERAGE WHO IS AN INSURED provision:
{¶ 31} "Any employee of yours is an `insured' while using a covered `auto' you don't own, hire or borrow in your business or your personal affairs."
{¶ 32} This endorsement was modified by endorsement 28, entitled "EMPLOYEES AS INSURED," which states, in pertinent part:
{¶ 33} "It is hereby agreed that the Employees As Insured, CA 9933, is modified as follows:
{¶ 34} "This coverage shall apply only when automobiles are used in YOUR business affairs."
{¶ 35} At the time of the accident, Heath was a passenger in a vehicle owned and operated by Robert Ward. It is undisputed that Heath was not in any way engaged in a work-related activity at the time of the accident. Therefore, Heath could not be considered an insured pursuant to endorsement 27.
{¶ 36} Appellant's assignment of error is sustained. Accordingly, summary judgment was improperly granted to appellees. In addition, the trial court erred in denying appellant's motion for summary judgment.
 III. CROSS-APPEAL
{¶ 37} Now, we turn to appellees' cross appeal wherein they submit the following assignment of error:
 ASSIGNMENT OF ERROR
{¶ 38} "THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLEE[S]/CROSS-APPELLANTS PREJUDGMENT INTEREST."
{¶ 39} In their sole assignment of error, appellees argue that the trial court erred by not awarding them prejudgment interest.
{¶ 40} Given this Court's determination of appellant's assignment of error, appellees' assignment of error is rendered moot. See App.R. 12(A)(1)(c).
 IV.
{¶ 41} Appellant's assignment of error is sustained. Appellees' cross-appeal is moot. The judgment of the Summit County Court of Common Pleas is reversed.
SLABY, P.J. and BAIRD, J. CONCUR.