OPINION
{¶ 1} John and Annette Whitaker are appealing the judgment of the Miami County Common Pleas Court, which rendered a summary judgment against them.
 {¶ 2} John and Annette Whitaker owned a dwelling in Dayton, Ohio. Additionally, the Whitakers owned a dwelling in Lexington, Kentucky. The Whitakers resided at the dwelling in Dayton until 1999. During this period of time the Whitakers purchased a homeowner's policy of insurance from Grange Mutual Casualty company through Bruckner Insurance Agency and its agent Mike Zimmerman.
 {¶ 1} In 1999, the Whitakers began renting the Dayton property to Lisa Hoctor and her family, who had been their neighbor. In approximately June or July of 1999, the Whitakers removed the majority of their personal property from the Dayton dwelling. In October of that year, Hoctor began renting the premises from the Whitakers and all of the utilities were transferred to Hoctor to assume full responsibility. Hoctor and her family continued to rent the property until a fire occurred at the property on August 12, 2000.
 {¶ 2} During this period, Ms. Whitaker came and went from the property and stored some personal property at the dwelling. Additionally, Ms. Whitaker stated in her affidavit that she continuously desired to use the Dayton property as a "home." However, at the time of the fire Ms. Whitaker was living at a home in Lexington, Kentucky and Mr. Whitaker was living at an apartment in Dayton, Ohio.
 {¶ 3} Prior to the fire, in March or April of 2000, Zimmerman, the insurance agent, received a change of address notice from the Whitakers, advising Zimmerman that the Whitakers were renting the Dayton dwelling and no longer lived there. Zimmerman then informed the Whitakers that the homeowners' policy would not cover a loss due to fire on the property if it was not their primary residence. Therefore, he advised them to cancel the homeowners' policy and to apply for a dwelling-fire policy. However, the Whitakers declined to change their policy.
 {¶ 4} When a fire occurred on August 12, 2000 in the Dayton dwelling, the Whitakers filed a claim against the Grange policy for damage to the premises and personal property loss. Grange investigated the claim and determined that the premises were not the Whitakers' primary residence and thus denied the claim.
 {¶ 5} As a result of the denial of their claim, the Whitakers filed this lawsuit, raising claims for breach of contract and bad faith. After a period of discovery, Grange filed a motion for summary judgment that was granted in part, disposing of all but the personal property claims. The parties subsequently settled the personal property claims. The Whitakers have filed this appeal from the trial court's grant of summary judgment.
 {¶ 6} The Whitakers raise the following assignment of error:
 {¶ 7} "The trial court erroneously applied the law and construed the facts in awarding summary judgment to the appellee herein."
 {¶ 8} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. ofCommrs. (1997), 123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183,1997-Ohio-221; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66.
 {¶ 9} The Ohio Supreme Court has explained that when an insurance contract is construed the words must be given their plain and ordinary meaning. State Farm Automobile Ins. v. Rose
(1991), 61 Ohio St.3d 528, 531-32. Yet, if the contract is ambiguous and thus susceptible to more than one meaning, the policy language must be liberally construed in favor of the insured. Id.
 {¶ 10} We must look to the Grange policy at issue to determine whether any ambiguity existed in the contract. The Grange policy contained two sections — a property protection section and a personal liability protection section. The property protection section identified four types of coverage — dwelling, other structures, personal property, and loss of use. In regards to the dwelling coverage, the policy stated:
 {¶ 11} "We cover:
i. "1. Your dwelling, including structures attached to it, at the residence premises. The dwelling must be used principally as a private residence.
ii. "2. Construction material at the residence premises for use in connection with your dwelling.
 {¶ 12} "The term `residence premises' is defined as follows:
 {¶ 13} "Residence premises means the one or two family dwelling where you reside, including the building, the grounds and other structures on the grounds and which is described in the Declarations."
 {¶ 14} Moreover, Black's Law Dictionary defines "residence" as the "place where one actually lives or has a home; a person's dwelling place or a place of habitation; and abode; house where one's home is; a dwelling house . . ."
 {¶ 15} Despite the Whitakers' arguments that we should construe the policy in their favor, we see no ambiguity in the policy. The Grange policy clearly required that the insured be residing in the premises at the time of the fire in order for the dwelling to be covered under the policy. The Whitakers argue that the Dayton property was their residence. However, in her deposition, Mrs. Whitaker stated that at the time of the fire, she was living in Lexington, Kentucky and her husband was living in an apartment in Dayton, Ohio. Additionally, Hoctor and her family were living in the dwelling at the time of the fire and were paying all the utilities on the property and paying a sum of $450 each month to the Whitakers as rent. These factors indicate that the Whitakers were using the dwelling as a rental property rather than as their residence.
 {¶ 16} In support of their argument that the Dayton property was their residence, the Whitakers argue that they had consistently intended to return to the dwelling and live there in the future. Also, the Whitakers point to the fact that they had previously lived in the dwelling for a period of time. However, at the time of the fire the Whitakers did not live at the dwelling. Moreover, the Whitakers' insurance agent informed them several months prior to the fire that the Grange policy would not cover the dwelling in the event of a fire because they were not living at the property and thus not utilizing it as their residence. Despite this warning, the Whitakers declined to change the coverage on the dwelling. Thus, the Whitakers were aware that the dwelling was not covered from a fire under the Grange policy.
 {¶ 17} Additionally, the fact that Grange settled the Whitakers' personal property claims stemming from the fire does not mean that Grange was acknowledging a duty to cover the dwelling under the policy. The policy contained a separate provision for personal property that provided coverage regardless of where the personal property was located. The settlement for the personal property stemmed from this provision — not the provision that the Whitakers relied upon for coverage of the dwelling.
 {¶ 18} Having reviewed the evidence and the contract presented to the trial court, we find no ambiguity in the contract and find that the trial court was correct in its determination that the Grange policy required that the Whitakers reside in the dwelling in order for it to be insured and that the Whitakers were not residing in the dwelling at the time of the fire. Therefore, we cannot find that the trial court erred in granting summary judgment to Grange Mutual Casualty Company in this matter.
 {¶ 19} The judgment of the trial court is affirmed.
Brogan, J. and Grady, J., concur.