**95–2675.** Brooks. v. Brooks. *Franklin County,* No. 95APF03–381. On motion for stay of execution. Motion denied.

MOYER, C.J., and WRIGHT, J., dissent.

### Wednesday, January 24, 1996
### MERIT DOCKET

**96–9.** Duryee v. Am. Druggists' Ins. Co. On complaint pursuant to Section 3 of Sub.H.B. No. 374. *Sua sponte,* cause dismissed.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

### Thursday, January 25, 1996
### MOTION DOCKET

**93–2592.** State v. Berry. *Cuyahoga County,* No. 60531. This court has ordered that an independent psychiatric expert be appointed to determine appellant's competency to waive further legal proceedings challenging the death penalty imposed upon him. In furtherance of that objective,

IT IS ORDERED by the court, *sua sponte,* effective January 24, 1996, that Dr. Phillip J. Resnick, the court-appointed psychiatrist, be given copies of and access to all of appellant's medical and psychological records and reports, wherever located.

IT IS FURTHER ORDERED, effective January 24, 1996, that counsel for the appellee and counsel for the appellant both cooperate with and assist Dr. Resnick by giving him copies of and access to all information relevant to appellant's competency to waive further proceedings.

FURTHERMORE, IT IS ORDERED, by the court, effective January 24, 1996, that, in evaluating appellant's competency to waive further legal proceedings challenging the death penalty imposed against him, Dr. Resnick apply the following standard:

A capital defendant is mentally competent to abandon any and all challenges to his death sentence, including appeals, state post-conviction collateral review, and federal habeas corpus, if he has the mental capacity to understand the choice between life and death and to make a knowing and intelligent decision not to pursue further remedies. See *Rees v. Peyton* (1966), 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583; *Gilmore v. Utah* (1976), 429 U.S. 1012, 97 S.Ct. 436, 50 L.Ed.2d 632; *Whitmore v. Arkansas* (1990), 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135; *Franz v. State* (1988), 296 Ark. 181, 188–89, 754 S.W.2d 839, 843; *Grasso v. State* (Okla.Crim.App.1993), 857 P.2d 802, 806; *State v. Dodd* (1992), 120 Wash.2d 1, 22–23, 838 P.2d 86, 97. The defendant must fully comprehend the ramifications of his decision, *Cole v. State* (1985), 101 Nev. 585, 588, 707 P.2d 545, 547, and must possess the "ability to reason logically," *i.e.,* to choose "means which relate logically to his ends." *State v. Bailey* (Del.Super.1986), 519 A.2d 132, 137–138.