MAYS, Appellant,

v.

**KROGER COMPANY, Appellee, et al.**

[Cite as *Mays v. Kroger Co.* (1998), 129 Ohio App.3d 159.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA98–04–080.

Decided Sept. 21, 1998.

160

Kircher, Robinson & Welch and Greg Claycomb, for appellant.

Beirne & Wirthlin and Michael F. Wirthlin, for appellee, Kroger Company.

KOEHLER, Judge.

Plaintiff-appellant, Loretta Mays, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Kroger Company ("Kroger"), in a workers' compensation action.

Mays alleges that she contracted an occupational disease arising out of her employment as a cashier with Kroger. Mays's alleged injury occurred in Butler County. Mays filed an application with the Ohio Bureau of Workers' Compensation requesting allowance of her occupational disease claim. In January 1996, the Industrial Commission of Ohio denied Mays's claim.

On February 7, 1996, Mays appealed the commission's decision by filing a notice of appeal and complaint in the Hamilton County Court of Common Pleas. Five days later, on February 12, 1996, Mays filed a notice of dismissal pursuant to Civ.R. 41(A). On March 11, 1996, Mays filed a notice of appeal and complaint, identical to the one previously filed in Hamilton County, in the trial court. On October 28, 1996, Mays filed a notice of dismissal pursuant to Civ.R. 41(A)(1).

On October 28, 1997,[1] Mays again filed a notice of appeal and complaint in the trial court challenging the commission's decision. On January 14, 1998,

---

1. Both parties' briefs, as well as the trial court's March 17, 1998 judgment entry, state that Mays filed her third complaint on October 23, 1997. However, the file stamp on Mays's third complaint and the transcript of the docket and journal entries clearly show that her complaint was filed on October 28, 1997. R.C. 2305.19, commonly known as Ohio's savings statute, states that "[i]n an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure

Kroger filed a motion for summary judgment claiming that Mays was barred under Civ.R. 41(A) from filing her third notice of appeal and complaint. By judgment entry filed March 17, 1998, the trial court agreed with Kroger and granted Kroger's motion for summary judgment. This timely appeal follows.

In her sole assignment of error, Mays argues that the trial court erred in granting summary judgment in favor of Kroger. More specifically, while Mays concedes that she would have been barred from filing her third complaint under Civ.R. 41(A) had she filed her two dismissals in the trial court, Mays argues that because the Hamilton County Court of Common Pleas never had subject matter jurisdiction over her first complaint, that complaint and its subsequent dismissal were void *ab initio*. Thus, Mays contends that her complaint was only dismissed once, the first time it was filed in the trial court. Kroger asserts that the Hamilton County Court of Common Pleas had limited jurisdiction under R.C. 4123.512 to transfer the action to a court of competent jurisdiction, and that therefore Mays's dismissal of her complaint in that court counted as her first dismissal.

Civ.R. 56(C) provides that summary judgment shall be rendered when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor.

It is undisputed that Mays filed her two dismissals pursuant to Civ.R. 41(A). Civ.R. 41(A)(1) provides that a plaintiff may voluntarily and unilaterally dismiss an action without prejudice by simply filing notice with the trial court at any time before the trial. Such dismissals are also known as "notice dismissals." The mere filing of the notice by the plaintiff automatically terminates the case without court intervention or approval and generally without the consent of the opposing party. *Payton v. Rehberg* (1997), 119 Ohio App.3d 183, 191, 694 N.E.2d 1379, 1384–1385; *Bowen v. Perry Chevrolet* (Aug. 16, 1995), Medina App. No. 2415–M, unreported, at 7, 1995 WL 499979. "Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same

---

has expired, the plaintiff * * * may commence a new action within one year after such date." A review of the calendar for 1996 and 1997 shows that Mays's third complaint should have been filed no later than October 27, 1997. Having been filed the following day, the complaint was thus barred by the statute of limitations. However, such is an affirmative defense, which must be raised or is waived. Civ.R. 8(C); *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668. In its answer to Mays's third complaint, Kroger did not raise that affirmative defense, thereby waiving it.

**162**

claim." Civ.R. 41(A)(1). Stated in other words, the notice dismissal of Civ.R. 41(A) is available to the plaintiff only once and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice. This is also called the "double dismissal rule."

Mays concedes that the double dismissal rule would apply had she filed her two dismissals in the trial court. However, she argues that the Hamilton County Court of Common Pleas never had subject matter jurisdiction over her first complaint because that complaint was not filed in the county of injury as required by R.C. 4123.512. Thus, that complaint and its subsequent dismissal were void *ab initio.*

We note at the outset that if, as Mays now claims, her first dismissal was really filed because of a lack of jurisdiction, Mays should have filed an involuntary dismissal pursuant to Civ.R. 41(B)(4), which provides that "[a] dismissal * * * for lack of jurisdiction over the person or the subject matter * * * shall operate as a failure otherwise than on the merits." By doing so, Mays would still have dismissed her complaint without prejudice, but the double dismissal rule would not have applied to her second dismissal. See *Bowen,* Medina App. No. 2415–M, unreported, at 7 (holding that the inquiry in applying the double dismissal rule is not whether both dismissals were voluntary but whether both dismissals were notice dismissals under Civ.R. 41[A][1] ).

█ R.C. 4123.512 [2] governs appeals of the commission's decisions to the court of common pleas and states:

"The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *. If no common pleas court has jurisdiction for the purposes of an appeal by the use of the jurisdictional requirements described in this division, the appellant may use the venue provisions in the Rules of Civil Procedure to vest jurisdiction in a court. * * * The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from * * *. The filing of the notice of the appeal with the court is the only act required to perfect the appeal.

"If an action has been commenced in a court of a county other than a court of a county having jurisdiction over the action, the court, upon notice by any party or upon its own motion, shall transfer the action to a court of a county having jurisdiction."

---

**2.** The current R.C. 4123.512 is analogous to former R.C. 4123.519 as amended on November 3, 1989. Am.Sub.H.B. No. 107 renumbered R.C. 4123.519 to R.C. 4123.512, effective October 20, 1993.

Mays argues that under R.C. 4123.512(A), a notice of appeal from the commission must be filed in the county in which the injury occurred and that this requirement is jurisdictional and not merely a matter of venue.

R.C. Chapter 4123 prescribes an exclusive statutory remedy for work-related injuries. It is undisputed that before R.C. 4123.519 was amended in 1989 and renumbered R.C. 4123.512 in 1993, Ohio courts construed the county-of-injury filing requirement as a mandatory jurisdictional provision because the statute explicitly required, rather than merely authorized, the filing of an action in the court in a specified place. *Indus. Comm. v. Weigand* (1934), 128 Ohio St. 463, 466–467, 191 N.E. 696, 697–698. See, also, *Hartsock v. Chrysler Corp.* (1989), 44 Ohio St.3d 171, 541 N.E.2d 1037. "By their terms, the Civil Rules [cannot] extend jurisdiction." *Id.* at 174, 541 N.E.2d at 1039. As a result, "a trial court ha[d] no authority pursuant to Civ.R. 3 to change the venue of an appeal that should have been filed in a different county." *Heskett v. Kenworth Truck Co.* (1985), 26 Ohio App.3d 97, 26 OBR 272, 498 N.E.2d 228, syllabus. In other words, a court of common pleas was unable to transfer a case filed in a wrong county to the appropriate county. Rather, the filing of a complaint in the wrong county automatically resulted in the dismissal of the action, without regard to the harsh result such a dismissal produced.

Unlike the version of R.C. 4123.519 that was in effect when the foregoing cases were decided,[3] R.C. 4123.512 allows a court of common pleas in which a complaint was mistakenly filed to transfer the action to the court of a county having jurisdiction. After thoroughly reviewing R.C. 4123.512, we believe that "the transfer provision [in R.C. 4123.512] and the provision in that same subsection for application of the venue provisions of the Rules of Civil Procedure where jurisdiction cannot be determined otherwise, make it clear that the jurisdictional provisions of [R.C. 4123.512] are properly regarded as venue provisions." *Shondel v. Am. Ship Bldg. Co.* (Sept. 4, 1991), Lorain App. No. 90CA004939, unreported, at 5–6, 1991 WL 172903. See, also, Fulton, Ohio Workers' Compensation Law (2 Ed.1991) 340–342, Sections 12.4 and 12.5 (interpreting R.C. 4123.512 as converting the jurisdictional requirement that the notice of appeal be filed in the county specified in that subsection, into a venue provision).

We find that that interpretation of R.C. 4123.512(A) is not only a more logical interpretation, but is also supported by general case law regarding venue and jurisdiction. While a lack of jurisdiction may be the basis for a mandatory *sua sponte* dismissal by the courts, *Freeland v. Pfeiffer* (1993), 87 Ohio App.3d 55, 58,

---

**3.** *Hartsock* was decided by the Supreme Court of Ohio on August 2, 1989, before R.C. 4123.519 (which was analogous to the current R.C. 4123.512) was amended on November 3, 1989.

621 N.E.2d 857, 858–859, there is no provision under the Rules of Civil Procedure for the dismissal of an action because of improper venue. *Fuller v. Fuller* (1972), 32 Ohio App.2d 303, 308, 61 O.O.2d 400, 402–403, 290 N.E.2d 852, 855. "Rather, the Civil Rules clearly contemplate that, unless the defense of improper venue is timely asserted, the court has jurisdiction of the action and may proceed therewith, but vests in the court the discretion to transfer the action to a county in which venue is proper * * *." *Id.*

To hold that filing the notice of appeal in the wrong county would still automatically result in the dismissal of the action under R.C. 4123.512(A), despite the transfer provision and the provision in that subsection for application of the venue provisions of the Rules of Civil Procedure, would render the transfer provision meaningless and superfluous. The transfer provision was arguably incorporated into R.C. Chapter 4123 to eliminate the harsh dismissals before 1989 of actions filed in the wrong county. Allowing a court of common pleas to transfer a case to the appropriate county not only eliminates the possibility of such harsh results, it also follows the general policy in Ohio that cases should be decided on their merits. *Natl. Mut. Ins. Co. v. Papenhagen* (1987), 30 Ohio St.3d 14, 30 OBR 21, 505 N.E.2d 980.

In the case at bar, Mays had the opportunity to either have the action transferred by the Hamilton County Court of Common Pleas to the Butler County trial court under R.C. 4123.512 or, as already noted, file an involuntary dismissal under Civ.R. 41(B)(4). Instead, Mays chose to dismiss her original action against Kroger pursuant to Civ.R. 41(A)(1), thereby triggering the application of the double dismissal rule.[4] A party is conclusively presumed to be aware of the requirements and consequences of the rules under which he or she chooses to proceed. *Payton*, 119 Ohio App.3d at 191, 694 N.E.2d at 1384–1385.

We therefore find that the trial court did not err in finding that Mays was barred by Civ.R. 41(A) from filing her third notice of appeal and complaint challenging the denial of her occupational disease claim. Summary judgment in favor of Kroger was proper. Mays's sole assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.

---

4. Civ.R. 41(A)(1) provides that a second notice dismissal "operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed *in any court*[.]" (Emphasis added.) The "any court" language arguably includes a court without jurisdiction.