FORSHEY, Appellant,

v.

AIRBORNE FREIGHT CORPORATION et al., Appellees.

[Cite as *Forshey v. Airborne Freight Corp.* (2001), 142 Ohio App.3d 404.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA2000–09–024.

Decided May 14, 2001.

*Mazanec, Raskin & Ryder Co., L.P.A., Lynn L. Schoenling* and *John S. Marshall,* for appellant.

*Vorys, Sater, Seymour and Pease, L.L.P., Andrew M. Kaplan* and *Joshua N. Cash,* for appellees.

POWELL, Judge.

Plaintiff-appellant, Wayne A. Forshey, appeals a decision of the Clinton County Court of Common Pleas dismissing his action against defendants-appellees, Airborne Freight Corporation, d.b.a. Airborne Express and ABX Air, Inc., d.b.a. Airborne Express, ("Airborne").

Appellant is a Federal Aviation Administration ("F.A.A.") "Airframe and Powerplant Mechanic with Inspection Authorization [with] over twenty years of experience in the aviation industry." As an F.A.A. "inspector, [appellant] is responsible for complying fully with all federal aviation regulations." Appellant alleges that while employed by Airborne, he became aware of ongoing and repeated violations of F.A.A. regulations that Airborne had authority to correct. In April 1997, appellant notified his Airborne supervisors both verbally and in

writing of the safety violations. Appellant was suspended indefinitely the next day. Thereafter, following Airborne's failure to correct the safety violations, appellant filed a written complaint with the F.A.A. Appellant was terminated in June 1997.

Appellant filed three separate complaints, which will be referred to as Forshey I, Forshey II, and Forshey III (as they were by the trial court). The complaints are numbered in the chronological order of their dismissals, not their filings. On December 3, 1997, appellant filed a complaint against Airborne and eight managerial or supervisory employees in the Clinton County Court of Common Pleas (Forshey II). Appellant alleged that he had been wrongfully terminated in violation of Ohio's Whistleblower Statute, codified in R.C. 4113.52, in retaliation for reporting the safety violations. On August 20, 1998, appellant filed a *qui tam* action on behalf of the United States against the same defendants in the United States District Court of the Southern District of Ohio, Eastern Division (Forshey I). The complaint was filed under the False Claims Act ("FCA") codified in Section 3729 *et seq.*, Title 31, U.S.Code, alleged submission of false and fraudulent reports to the F.A.A. in violation of the FCA, retaliatory discharge in violation of the FCA, wrongful discharge in violation of public policy pursuant to *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, and loss of consortium.

After the United States declined to intervene in appellant's *qui tam* action, appellant filed a notice of voluntary dismissal of Forshey I pursuant to Fed. R.Civ.P. 41(a)(1) on February 3, 1999. By order of dismissal filed February 10, 1999, the federal court dismissed Forshey I without prejudice to the United States. On June 2, 1999, appellant filed a notice of dismissal without prejudice of Forshey II pursuant to Civ.R. 41(A)(1). That same day, appellant filed a complaint against Airborne in the Clinton County Court of Common Pleas (Forshey III). Appellant alleged that he had been wrongfully terminated in violation of both R.C. 4113.52 and *Greeley*.

Airborne filed a motion to dismiss Forshey III, claiming that Civ.R. 41(A)(1) barred appellant from filing his third complaint in Forshey III. By entry filed August 24, 2000, the trial court found that under Civ.R. 41(A)(1), the dismissal of both Forshey I and Forshey II barred appellant from relitigating the same claims in Forshey III. The trial court then dismissed Forshey III with prejudice. This appeal follows.

In his sole assignment of error, appellant argues that the trial court erred by granting Airborne's motion to dismiss Forshey III. Specifically, appellant first argues that because Forshey I was a *qui tam* action filed on behalf of the United States only and the federal court's dismissal of that action was a dismissal only as to the United States, the dismissal did not count as a dismissal under Civ.R.

41(A)(1). Thus, appellant contends that his complaint was dismissed only once, the first time it was filed in the trial court (Forshey II). Appellant also argues that while all three complaints involved the same parties and were based upon the same set of facts, they each asserted distinct and separate claims, to wit, a federal FCA claim, a claim under R.C. 4113.52 (Ohio's Whistleblower Statute), and a *Greeley* tort claim, and therefore were not subject to Civ.R. 41(A)(1).

Civ.R. 41(A)(1) provides that a plaintiff may voluntarily and unilaterally dismiss an action without prejudice by simply filing notice with the trial court at any time before the trial. Such dismissals are also known as "notice dismissals." The mere filing of the notice by the plaintiff automatically terminates the case without court intervention or approval and generally without the consent of the opposing party. *Mays v. Kroger Co.* (1998), 129 Ohio App.3d 159, 161–162, 717 N.E.2d 398, 400. "Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." Civ.R. 41(A)(1). Stated in other words, the notice dismissal of Civ.R. 41(A)(*l*) is available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice. *Id.* at 161–162, 717 N.E.2d at 399–401. This is also called the "double-dismissal rule."

Fed.R.Civ.P. 41(a)(1) is identical in pertinent part to Civ.R. 41(A)(1) and provides, "Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." The rationale behind the rule is to prevent harassment of defendants by plaintiffs filing and then dismissing a succession of causes without prejudice. See *American Cyanamid Co. v. McGhee* (C.A.5, 1963), 317 F.2d 295; *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337.

Appellant dismissed Forshey I, his federal complaint, pursuant to Fed.R.Civ.P. 41(a)(1), and Forshey II, his first state complaint, pursuant to Civ.R. 41(A)(1). Appellant contends, however, that the dismissal of Forshey I in federal court does not count as a dismissal because the federal complaint was filed as a *qui tam* action solely on behalf of the United States and dismissed as to the United States only. Appellant asserts that he was a mere relator and not a true party to Forshey I and that the United States was the only real party in interest. Citing *Ridgill v. Little Forest Med. Ctr.* (June 28, 2000), Summit App. Nos. 19501 and 19530, unreported, 2000 WL 840494, appellant also asserts that the double-dismissal rule does not apply where an "action was once dismissed by the federal court and once dismissed voluntarily by [the plaintiff] by notice."

We find at the outset that *Ridgill* is factually distinguishable from the case at bar. The inquiry in applying the double-dismissal rule is whether both dismissals were notice dismissals under Civ.R. 41(A)(1). *Mays,* 129 Ohio App.3d at 162, 717 N.E.2d at 400–401. In *Ridgill,* the Ninth Appellate District held, "Voluntary dismissals made by the court do not implicate the two-dismissal rule." *Id.* at 7. However, the federal complaint filed in *Ridgill* did not involve a *qui tam* action. In addition, the complaint was dismissed without prejudice by the federal court pursuant to Fed.R.Civ.P. 41(a)(2). The dismissal was by order of court under Fed.R.Civ.P. 41(a)(2) and was therefore not a notice dismissal for purposes of the double-dismissal rule. We therefore find that the holding of *Ridgill* does not apply to the case at bar.

Appellant brought his *qui tam* action in Forshey I under the FCA, Section 3729 *et seq.,* Title 31, U.S.Code. A *qui tam* action is "an action brought by an informer, under a statute which establishes a penalty for the commission or omission of a certain act, * * * part of the penalty to go to any person who will bring such action and the remainder to the state or some other institution." Black's Law Dictionary (6 Ed.1998) 1251. The action is so called because "the plaintiff states that he sues *as well* for the state as for himself." (Emphasis *sic.*) *Id.*

The *qui tam* provisions of the FCA financially reward private plaintiffs (called "relators") for bringing suit to vindicate the interest of the United States in combating fraud against the federal government, and provide:

"(b) *Actions by private persons.*—(1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney *General give written consent to the* dismissal and their reasons for consenting.

"* * *

"(c) *Rights of the parties to qui tam actions.*—(1) If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action. Such person shall have the right to continue as a party to the action * * *.

"* * * *

"(3) If the Government elects not to proceed with the action the person who initiated the action, shall have the right to conduct the action. * * *

"(d) *Award to qui tam plaintiff.*—(1) If the Government proceeds with an action brought by a person * * *, such person shall * * * receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim * * *.

"'* * *

"(2) If the Government does not proceed with an action * * *, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds." Section 3730(b), (c), and (d), Title 31, U.S.Code.

■ Section 3730(h), Title 31, U.S.Code, in turn, is the FCA's whistleblower protection provision and provides that "[a]ny employee who is discharged, demoted, suspended, threatened," or otherwise discriminated against as a result of actions taken to further a *qui tam* action "shall be entitled to all relief necessary to make the employee whole." Although Section 3730(h) is part of the *qui tam* provisions, it, unlike Section 3730(b), does not provide that a whistleblower action is brought in the name of the United States. As a result, "an action under § 3730(h) is a private cause of action, and not an action on behalf of the United States." *United States ex rel. Long v. SCS Business & Technical Inst.* (D.D.C.1998), 999 F.Supp. 78, 93, reversed on other grounds (C.A.D.C.1999), 173 F.3d 870. "The whistleblower provision is therefore properly understood as authorizing a private right of action distinct from the *qui tam* action authorized by § 3730(b)." *Id.* at 92.

After reviewing the FCA and the pleadings in Forshey I, we find that we need not address whether the United States was the only real party in interest in order to determine whether the dismissal of Forshey I counted as a dismissal under Civ.R. 41(A)(1). In Forshey I, appellant alleged four causes of action: submission of false reports to the United States in violation of the FCA, retaliatory discharge in violation of Section 3730(h), wrongful discharge in violation of *Greeley,* and loss of consortium. Thus, appellant asserted a *qui tam* action on behalf of the United States and three personal claims on his own behalf. After the United States declined to intervene, appellant filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1). Subsequently, by order of dismissal, the federal court dismissed Forshey I without prejudice to the United States.

■ We agree with appellant that the federal court's order of dismissal was a dismissal as to the United States only. The federal court's order dismissed only the United States' claim, that is, the *qui tam* action alleging submission of false reports to the F.A.A. As required under Section 3730(b), the federal court's order included the court's and the United States' consent to the dismissal. The federal court's order did not dismiss appellant's three personal claims because those claims had already been voluntarily dismissed by appellant in his notice of dismissal pursuant to Fed.R.Civ.P. 41(a)(1). Notice dismissals do not require

court intervention or approval or the consent of the opposing party. *Mays,* 129 Ohio App.3d at 161, 717 N.E.2d at 399–400. We therefore find that appellant's notice of dismissal filed pursuant to Fed.R.Civ.P. 41(a)(1) was a notice dismissal for purposes of the double-dismissal rule.

Appellant asserts, however, that while all three complaints involved the same parties and were based upon the same set of facts, they each asserted distinct and separate claims and are therefore not subject to Civ.R. 41(A)(1). Appellant specifically asserts that a claim brought pursuant to R.C. 4113.52 and a claim brought pursuant to *Greeley* are not the "same claim" as defined under Civ.R. 41(A)(1) and cites *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308, in support.

Civ.R. 41(A)(1) is clear that a second dismissal by a written notice, "when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim," operates as an adjudication on the merits and prohibits the plaintiff from pursuing that claim again. "Because Civ.R. 41 provides that the second voluntary dismissal has the effect of adjudicating the claim on the merits, the third filing of the same action would be barred by *res judicata.* * * * [T]he complaints need not raise identical claims for the adjudication on the merits provision of Civ.R. 41(A) to be activated: the allegations need only be based on the same claims." *Byler v. Hartville Auction, Inc.* (Sept. 26, 1994), Stark App. No.1994CA00081, unreported, 1994 WL 530817 at * 2.

In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, the Supreme Court of Ohio revisited the claim preclusion branch of *res judicata* and held that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* at 382, 653 N.E.2d at 229. The court, noting that a transaction is defined as "a common nucleus of operative facts," stated: " 'That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.' " *Id.* at 382–383, 653 N.E.2d at 229, quoting 1 Restatement of the Law 2d, Judgments (1982) 198–200, Section 24, Comments *b* and *c.* The court observed, " 'The *present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories,* or variant forms of relief flowing from those theories, that may be available to the plaintiff * * *.' (Emphasis added.)" *Id.* at 383, 653 N.E.2d at 229, quoting Comment *a* to Section 24 of the Restatement of Judgments, *supra,* at 196–197.

■ Similarly in federal courts, because "[a] single cause of action can manifest itself in an outpouring of different claims, based variously on federal statutes, state statutes, and the common law," *Kale v. Combined Ins. Co. of Am.* (C.A.1, 1991), 924 F.2d 1161, 1166, the fact that a party raises different theories of recovery in federal and state actions is of no consequence if the theories arise out of the same core of operative facts or the same transactions or events. See *Wilkins v. Jakeway* (S.D.Ohio 1998), 993 F.Supp. 635.

■ To determine whether appellant's two notice dismissals are subject to the double-dismissal rule, we must determine whether appellant's FCA whistleblower retaliatory-discharge claim (in Forshey I), his R.C. 4113.52 whistleblower retaliatory-discharge claim (in Forshey II and III), and his *Greeley* wrongful-discharge claim (in Forshey I and III) constituted the same claim under Civ.R. 41(A)(1). Appellant cites *Kulch* for the proposition that because an at-will employee who is discharged in violation of R.C. 4113.52 may maintain a *Greeley* claim, a R.C. 4113.52 whistleblower claim, or both, those claims are necessarily separate and distinct claims under Civ.R. 41(A)(1). We disagree.

One of the three main issues in *Kulch* was whether "R.C. 4113.52 preempts the formation of an independent [*Greeley*] common-law cause of action in tort for an at-will employee who is discharged or disciplined for 'whistleblowing.' " *Kulch,* 78 Ohio St.3d at 138–139, 677 N.E.2d at 312–313. Finding that there was a clear public policy favoring whistleblowing as evidenced by R.C. 4113.52, the court held that R.C. 4113.52 did not preempt a *Greeley* common-law cause of action against an employer for wrongful discharge in violation of that statute. *Id.* at paragraph two of the syllabus. As a result, the court held, "An at-will employee who is discharged * * * in violation of R.C. 4113.52 may maintain a statutory cause of action for the violation, a common-law cause of action in tort, or both, but is not entitled to double recovery." *Id.* at paragraph five of the syllabus.

We find that the foregoing holding does not support appellant's assertion that a *Greeley* claim and an R.C. 4113.52 whistleblower claim are necessarily separate and distinct claims under Civ.R. 41(A)(1). *Kulch* did not involve or address *res judicata* or the double-dismissal rule. While *Kulch* makes clear that R.C. 4113.52 does not preclude a separate claim under a *Greeley* common-law tort theory, it did not hold or suggest that a plaintiff can later sue under a common-law tort theory after losing on a statutory theory. *Kulch* was concerned only with giving a whistleblower the right to assert in the same complaint a statutory cause of action, a common-law cause of action, or both.

Turning now to appellant's three complaints, we find that all three arose out of the same nucleus of operative facts: Airborne's unilateral termination of appellant's employment following appellant's reporting of safety violations to Airborne and his filing a complaint with the F.A.A. In each of the three cases, appellant

sought damages for the manner in which Airborne terminated him. While each complaint sought to recover damages on different theories, grounds and causes of action, each complaint was based on the same occurrence or transaction. See *Fouss v. Bank One, Columbus, NA* (June 27, 1996), Franklin App. No. 96APE01–57, unreported, 1996 WL 361969. "As stated in *Grava*, simply because various legal theories apply to a single episode does not create multiple transactions and, hence, multiple claims." *Id.* Therefore, the allegations asserted in appellant's three complaints, to wit, appellant's FCA whistleblower retaliatory-discharge claim (in Forshey I), his R.C. 4113.52 whistleblower retaliatory-discharge claim (in Forshey II and III), and his *Greeley* wrongful-discharge claim (in Forshey I and III), were all based on the same claim for purposes of Civ.R. 41(A)(1).

We therefore conclude that the trial court did not err by finding that the dismissal of Forshey II barred the instant action under Civ.R. 41(A)(1). As a result, the trial court properly granted Airborne's motion to dismiss. Appellant's sole assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.