ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Sherry Robinson ("plaintiff") appeals from a decision of the Cuyahoga County Court of Common Pleas which granted summary judgment in favor of defendant-appellee Allstate Insurance Co. ("Allstate") and barred plaintiff from recovery under her UM/UIM coverage due to plaintiff's failure to comply with Allstate's subrogation clause. For the following reasons, we affirm.
 {¶ 3} A review of the record reveals the following: On November 30, 1998, plaintiff and co-defendants Walter Clark ("Clark") and Mark Oates ("Oates") were involved in a motor vehicle accident.
 {¶ 4} On April 21, 1999, plaintiff filed a complaint against Clark and Oates for personal injuries and damages. In her complaint, plaintiff alleged that Oates, while attempting to parallel park his car, was struck by Clark's vehicle, which thereby pushed Oates' vehicle into plaintiff's vehicle. On August 29, 2001, plaintiff filed a motion to amend the complaint to add Allstate as an additional party and make an additional claim for UM coverage under her policy with Allstate. The trial court denied plaintiff's motion to amend. On October 2, 2001, plaintiff voluntarily dismissed this action, without prejudice, pursuant to Civ.R. 41(A).
 {¶ 5} On May 20, 1999, plaintiff filed another complaint against Clark and Oates, adding an additional allegation against them relating to the aforementioned accident. On August 24, 1999, plaintiff voluntarily dismissed this action, without prejudice, pursuant to Civ.R. 41(A).
 {¶ 6} On November 27, 2001, plaintiff filed a third complaint arising out of this incident against Clark and Oates and added Allstate as a party for UM/UIM coverage.
 {¶ 7} Both Clark and Oates filed motions to dismiss pursuant to Civ.R. 12(b)(6) for failure to state a claim upon which relief could be granted due to the previous two dismissals. On January 22, 2003, both Clark and Oates were dismissed from the case based on the "double dismissal" rule.
 {¶ 8} On March 4, 2004, Allstate filed a motion for summary judgment claiming that plaintiff was ineligible to receive UM/UIM benefits under the insurance contract because she failed to comply with the policy's subrogation provisions. The trial court granted Allstate's motion for summary judgment upon finding no genuine issues of fact on the issues of breach and prejudice. Specifically, the trial court found that "plaintiff's action of dismissing the tortfeasors [Clark and Oates] with prejudice, as a result of the second voluntary dismissal without the permission of Allstate, has prejudiced Allstate's subrogation rights for any potential UM/UIM claim. As it has been determined that the tortfeasors [Clark and Oates] are not liable to plaintiff, Allstate can not [sic] `step into the shoes of plaintiff and pursue liability where none exist."
 {¶ 9} It is from this judgment that plaintiff now appeals and raises seven assignments of error, which will be discussed out of order and together where appropriate.
 {¶ 10} "I. The trial court erred in finding that there were subrogation rights against defendant Mark Oats [sic].
 {¶ 11} "A. Defendant Mark Oats [sic] was fully insured for this accident and thus there could be no uninsured motorist subrogation.
 {¶ 12} "B. There is no evidence indicating that Mark Oats [sic] was negligent.
 {¶ 13} "II. The court erred in finding that there were subrogation rights against defendant Clark as he was under the protection of the U.S. Bankruptcy Court at the time of his dismissal.
 {¶ 14} "IV. The court erred in granting the defendant's motion for summary judgment as the issue of subrogation was not yet ripe for consideration as the dismissal of defendants Clark and Oats [sic] was not yet final.
 {¶ 15} "VII. The court erred in not finding that the duplicate filing in Case No. 3844409 [sic] was a legal nullity."
 {¶ 16} In her first and second assignments of error, plaintiff argues, respectively, that the trial court erred in finding that Allstate had subrogation rights against Oates and Clark because Oates was fully insured and not negligent and Clark had declared bankruptcy. In the fourth assignment of error, plaintiff argues that the trial court erred in dismissing Oates and Clark pursuant to the double dismissal rule of the Savings Statute. In the seventh assignment of error, plaintiff argues that the trial court erred in dismissing the May 20, 1999 complaint due to a "duplicate filing" rather than as a "legal nullity."
 {¶ 17} Our review of the record indicates that we lack jurisdiction to review these assigned errors because the notice of appeal filed in this case designated only the trial court's April 26, 2004 order granting Allstate's motion for summary judgment. Plaintiff did not designate or otherwise reference the January 22, 2003 order granting dismissal of Oates and Clark that she now assigns as errors I, II, and IV.[1] Plaintiff also did not designate nor otherwise reference the July 30, 1999 order dismissing plaintiff's second complaint as a "duplicate filing" that she now assigns as error VII.
 {¶ 18} Pursuant to App.R. 3(D), an appellant is required to designate judgments or orders in the notice of appeal. Specifically, App.R. 3(D) provides, in relevant part:
 {¶ 19} "(D) Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."
 {¶ 20} In accordance with this rule, we have consistently declined jurisdiction to review a judgment or order that is not designated in the notice of appeal. Slone v. Board of Embalmers Funeral Dirs. (1997), 123 Ohio App.3d 545, citing Parks v.Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426, 428;Bellecourt v. City of Cleveland, 152 Ohio App.3d 687,2003-Ohio-2468; Brady v. Benzing, Cuyahoga App. No. 81894, 2003-Ohio-3354; Cavanaugh v. Sealey (Jan. 23, 1997), Cuyahoga App. Nos. 69907, 69908, 69909; In re Estate of Carl Borgh (Jan. 4, 1996), Cuyahoga App. Nos. 68033, 68145. Accordingly, plaintiff's first, second, fourth and seventh assignments of error relating to the subrogation rights and dismissals of Oates and Clark and the dismissal of her second complaint are not properly presented to us for appellate review.
 {¶ 21} Assignments of Error I, II, IV, and VII are overruled.
 {¶ 22} "V. The trial court erred in finding that defendant Allstate had a policy provision applicable to the facts of this case.
 {¶ 23} "VI. The trial court erred in finding that the instant case was the same case as previously filed cases."
 {¶ 24} In these assignments of error, plaintiff argues that the trial court erred in granting Allstate's motion for summary judgment because there are questions as to whether Clark and Oates were properly dismissed under the "double dismissal" rule and whether Allstate was actually prejudiced by their dismissal from the case. We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. "De novo review means that this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v.Cleveland City Schools (1997), 122 Ohio App.3d 378; citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 25} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 26} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 27} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Allstate's favor was appropriate.
 Double Dismissal {¶ 28} Civil Rule 41(A)(1) provides that a plaintiff may voluntarily and unilaterally dismiss an action without prejudice by filing a notice with the trial court at any time before trial. Such dismissals are also known as "notice dismissals." The mere filing of the notice by the plaintiff automatically terminates the case without court intervention or approval and generally without the consent of the opposing party. Mays v. Kroger Co.
(1998), 129 Ohio App.3d 159, 161.
 {¶ 29} The notice dismissal of Civ.R. 41(A)(l) is available to the plaintiff only once and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice. Id. at 161-162. This is called the "double dismissal rule." For the double dismissal rule to apply, both dismissals must be Civ.R. 41(A)(1)(a) "dismissals by notice." InternationalComputing v. State Dep't of Admin. Servs. (May 9, 1996), Franklin App. No. 95API11-1475.
 {¶ 30} Plaintiff's complaint in this case is the third of three nearly identical complaints. The first two were voluntarily dismissed pursuant to Civ.R. 41(A). The first complaint was filed on April 21, 1999 and was voluntarily dismissed pursuant to Civ.R. 41(A) on October 2, 2001. Before the first action was dismissed, plaintiff filed another complaint on May 20, 1999. This complaint was substantially identical to the first complaint and was voluntarily dismissed pursuant to Civ.R. 41(A)(1)(a) on August 24, 1999. On November 27, 2001, appellant filed the complaint in this action.
 {¶ 31} The effect of the August 24, 1999 dismissal is the determinative issue in this error. Specifically, plaintiff argues that the filing of that complaint and its subsequent dismissal was due to a clerical error, thereby precluding operation of the double dismissal rule. We disagree. A party is conclusively presumed to be aware of the requirements and consequences of the rules under which he or she chooses to proceed. Mays v. Kroger,
supra at 164.
 {¶ 32} Because plaintiff filed two notices of voluntary dismissal, the second dismissal by notice operated as an adjudication on the merits, thereby barring the third action.
 Subrogation Clause {¶ 33} In interpreting insurance policies, the court must look to the terms of the policy to determine the intention of the parties concerning coverage. Minor v. Allstate Ins. Co. v. Rose
(1991), 61 Ohio St.3d 528. The court must give the words and phrases in the policy their plain and ordinary meaning. Id. Where the plain and ordinary meaning of the language used in the insurance policy is clear and unambiguous, a court cannot resort to construction of that language. Tomlinson v. Skolnik (1989),44 Ohio St.3d 11, 12.
 {¶ 34} A subrogation clause is an enforceable precondition to an insurer's duty to provide UM/UIM coverage. Bogan v.Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22. Here, contrary to plaintiff's contention, the Allstate policy does contain a subrogation clause. Specifically, page 5 of the Policy states in relevant part:
{¶ 35} "Subrogation Rights
 {¶ 36} "When we pay under Automobile Medical Payments, Uninsured Motorist Insurance, or Protection Against Loss To The Auto, and insured persons rights of recovery from anyone else becomes ours up to the amount we have paid. An insured must protect these rights and, at our request, help us to enforce them."
 {¶ 37} The Policy continues at page 16 as follows:
 {¶ 38} "Trust Agreement
 {¶ 39} "When we pay any person under this coverage:
 {¶ 40} "* * *
 {¶ 41} "(1) We are entitled to repayment of amounts paid by us and related collection expenses out of the proceeds of any settlement of judgment that person recovers from any responsible party or insurer.
 {¶ 42} "(2) All rights of recovery against any responsible party or insurer must me maintained and preserved to our benefit."
 {¶ 43} Since the policy does provide for subrogation rights, we must next determine whether summary judgment was properly granted based on a two-step approach articulated by the Ohio Supreme Court in Ferrando v. Auto-Owners Mut. Ins. Co.,98 Ohio St.3d 186, 2002-Ohio-7217. Specifically, "when an insurer's denial of UM/UIM coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary." Thus, the first step under Ferrando is to determine whether the provision was actually breached. Id. at ¶ 91. If the subrogation clause was breached, the second step is to determine whether the insurer was prejudiced.
 {¶ 44} Here, it is clear that the subrogation provision found in Allstate's policy was breached. Plaintiff voluntarily dismissed Clark and Oates, the alleged tortfeasors, on two separate occasions. Pursuant to the "double dismissal" rule, as previously discussed, they are now dismissed with prejudice. Thus, plaintiff is unable to legally recover from either Clark or Oates and Allstate is precluded from presenting its subrogation claim and/or seeking reimbursement from them. Accordingly, plaintiff failed to comply with the policy language to do everything necessary to protect, maintain, and preserve Allstate's rights and to assist Allstate in recovering payment from "anyone who may be jointly responsible."
 {¶ 45} Having found that the subrogation provision was breached, there is a presumption of prejudice to Allstate, which plaintiff bears the burden of presenting evidence to rebut. Here, plaintiff argues that Allstate was not prejudiced by Clark's dismissal because Clark had filed for bankruptcy and lacked assets to satisfy any judgment that may have been levied against him. She also argues that Allstate was not prejudiced by Oates' dismissal because Oates was not negligent and/or he was insured at the time of the accident.
 {¶ 46} First, there is no support for plaintiff's assertion that Allstate is not entitled to subrogation rights against Clark because he was under bankruptcy proceedings following the accident. A collectible tortfeasor is determined by a day-to-day analysis. Simply being uncollectible on one day does not mean that a tortfeasor will be uncollectible the next because of a potential change in the tortfeasor's financial situation. Judgment liens are entirely creatures of statute. Unless a judgment lien becomes dormant, there is no legal impediment to its collection. See Lorain National Bank v. McGregor (Aug. 14, 1990), Lorain App. No. 90CA004744. Here, plaintiff's failure to preserve Allstate's subrogation rights against Clark deprived Allstate of its opportunity to participate or preserve a claim against Clark in the bankruptcy proceedings. See, generally,Erdmann v. Kobacher Co., Lucas Cty. App. No. L-02-1184, 2003-Ohio-5677.
 {¶ 47} Next, plaintiff's admission that Oates was not negligent negates any viable claim against Allstate for UM/UIM coverage pertaining to Oates. Specifically, page 12 of the Policy states in relevant part that Allstate's obligation to pay UM/UIM benefits is contingent upon plaintiff showing that she "is legally entitled to recover from the owner or operator of an uninsured auto, or would be legally entitled to recover from the owner or operator of an uninsured auto but for the availability of a defense based on statutory or common law immunity."
 {¶ 48} Because plaintiff materially compromised Allstate's subrogation rights, Allstate was not required to provide coverage to plaintiff and the trial court properly granted summary judgment to Allstate.
 {¶ 49} Assignments of Error V and VI are overruled.
 {¶ 50} "III. The court erred in not finding that defendant Allstate should be estopped from arguing failure to protect subrogation rights, because their conduct contributed to the dismissal of defendants Oats [sic] and Clark."
 {¶ 51} Based upon our finding that the trial court properly granted summary judgment in favor of Allstate, we find no evidence to show that Allstate acted in bad faith in the processing and negotiation of plaintiff's claim. Accordingly, the third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Cooney, J., Concur.
[1] However, we do address the issues presented in these assignments of error as they relate to the trial court's grant of summary judgment to Allstate in Assignments of Error V and VI in this opinion.