JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Sarah Olynyk appeals the ruling of the Cuyahoga County Court of Common Pleas that entered a journal entry dismissing with prejudice Olynyk's claims against defendant-appellee Dr. Jack Andrish.
 {¶ 2} In January 1994, Olynyk, a minor, by and through her mother and natural guardian, filed a complaint against numerous defendants claiming medical negligence. In October 1997, Olynyk filed a motion for dismissal of the complaint pursuant to Civ.R. 41(A)(2). The trial court dismissed the complaint without prejudice.
 {¶ 3} In February 2002, Olynyk refiled her complaint adding Dr. Andrish as an individual defendant. Eventually, all defendants were dismissed except defendants Dr. Peter Scoles and Dr. Andrish. Both filed motions for summary judgment that were granted. On appeal, the trial court's decision was affirmed as to defendant Dr. Scoles but reversed and remanded as to Dr. Andrish. See Olynyk v. Scoles, Cuyahoga App. No. 83525, 2004-Ohio-2688.
 {¶ 4} After remand, Olynyk filed a notice of dismissal pursuant to Civ.R. 41(A)(1)(a) on January 13, 2005. On January 24, the trial court entered a journal entry dismissing Olynyk's case with prejudice. Olynyk appeals, advancing two assignments of error for our review. We will address only the first assignment of error because it is dispositive of the case.
 {¶ 5} Olynyk's first assignment of error states:
 {¶ 6} "I. The trial court was without jurisdiction to enter its January 24, 2005, journal entry dismissing plaintiff's claims against defendant Jack T. Andrish, M.D., with prejudice when plaintiff had already filed her Civ.R. 41(A)(1) notice of dismissal without prejudice on January 13, 2005."
 {¶ 7} Under her first assignment of error, Olynyk contends that the trial court was without jurisdiction to dismiss the case with prejudice because she had already filed a "notice dismissal" in accordance with Civ.R. 41(A)(1)(a). Consequently, Olynyk asserts that her dismissal should be without prejudice. Furthermore, Olynyk argues that the "double dismissal" rule is inapplicable here because the dismissal in the first case was a Civ.R. 41(A)(2) dismissal by court order, not a dismissal solely by the plaintiff.
 {¶ 8} Dr. Andrish argues that the double dismissal rule applies to all voluntary dismissals under Civ.R. 41(A), not just notice dismissals. As a result, Dr. Andrish contends that the January 13, 2005 dismissal was Olynyk's second dismissal and subject to the double dismissal rule, in other words, with prejudice.
 {¶ 9} Civ.R. 41(A) provides for three types of voluntary dismissals: (1) by notice, (2) by stipulation, and (3) by court order.
 {¶ 10} Civ.R. 41(A) states:
"(1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as anadjudication upon the merits of any claim that the plaintiff hasonce dismissed in any court."(2) By order of court. Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
(Emphasis added.)
 {¶ 11} Pursuant to Civ.R. 41(A)(1)(a), a plaintiff may voluntarily and unilaterally dismiss an action without prejudice by filing a notice with the trial court at any time before trial.Forshey v. Airborne Freight Corp. (2001), 142 Ohio App.3d 404,408. These dismissals are known as "notice dismissals." Id. The mere filing of the notice by the plaintiff automatically terminates the case without court intervention or approval and generally without the consent of the opposing party. Mays v.Kroger Co. (1998), 129 Ohio App.3d 159, 161. This notice dismissal, however, is available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice. Id. at 161-162; see, also, Civ.R. 41(A)(1).
 {¶ 12} Thus, in order for the notice of dismissal filed by Olynyk on January 13, 2005 to have operated as an adjudication on the merits, Olynyk must have previously dismissed the action unilaterally (i.e., without stipulation by the defense or by court order). The prior dismissal, however, was not dismissed by the plaintiff; rather, a Civ.R.41(A)(2) dismissal was done by "order of the court." Therefore, the second dismissal could not have operated as an adjudication on the merits. See Forshey,142 Ohio App.3d at 409; see, also, Heskett v. Paulig (1999),131 Ohio App.3d 221, 225 (finding the double dismissal rule did not apply where an action was first dismissed by action of the court pursuant to Civ.R. 41(A)(2)); Ham v. Park (1996),110 Ohio App.3d 803, 814 (recognizing the "two-dismissal rule" does not apply to Civ.R. 41(A)(2)(B)); Bowen v. Tony Perry Chevrolet
(Aug. 16, 1995), Medina App. No. 2415-M (recognizing same);Bonskowski v. Kinsinger (Nov. 14, 1985), Cuyahoga App. No. 49631 (holding that only a notice dismissal is limited by the two-dismissal rule).
 {¶ 13} Consistent with the above opinions, other courts have held that both dismissals must be Civ.R. 41(A)(1)(a) "dismissals by notice" in order for the double dismissal rule to apply. SeeRobinson v. Allstate Ins. Co., Cuyahoga App. No. 84666,2004-Ohio-7032; International Computing v. State Dep't of Admin.Servs. (May 9, 1996), Franklin App. No. 95API11-1475; see, alsoRiley v. Med. College of Ohio Hosp. (1992), 83 Ohio App.3d 139,141 (double dismissal rule inapplicable when first dismissal was by court order pursuant to stipulation); Nemeth v. Aced (Feb. 22, 1996) Franklin App. No. 95APE06-768 (double dismissal rule inapplicable when first dismissal was by stipulation); Hershiserv. BOS Corp. (1990), 69 Ohio App.3d 186, 189 (double dismissal rule inapplicable when first dismissal was by stipulation);Bowen, supra (double dismissal rule inapplicable when first dismissal was by journal entry upon agreement of the parties);All Structures, Inc. v. Hensley (Mar. 31, 1992), Lake App. No. 91-L-075, (double dismissal rule inapplicable when first dismissal was by court order); Graham v. Pavarini (1983),9 Ohio App.3d 89, 93-94 (double dismissal rule inapplicable when two prior dismissals were by court order or stipulation);Hatcher v. City of Cleveland (Dec. 10, 1992), Cuyahoga App. No. 63668 (double dismissal rule inapplicable when second dismissal was by stipulation).
 {¶ 14} Finally, we note that Civ.R. 41 was written to abolish the broad liberty given to plaintiffs under R.C. 2323.05(A), which allowed plaintiffs to dismiss any number of times so long as the statute of limitations had not run. See Civ.R. 41 Staff Notes. In order for a plaintiff to obtain more than one dismissal, Civ.R. 41(A)(1)(b) and (A)(2) require that a plaintiff convince the defendant to stipulate to a dismissal and/or the court to agree and order a dismissal without prejudice.[1]
Id. Hence, Olynyk's notice dismissal is without prejudice, because her first dismissal was by court order.
 {¶ 15} Olynyk's first assignment of error is sustained. This case is reversed and remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs;
 McMonagle, J., concurs (See attached concurring opinion).
[1] A Civ.R. 41(A)(2) dismissal does not implicate the double dismissal rule unless stated otherwise in the court's order. It is incumbent upon the defense to raise objections to a court-ordered dismissal.
 CONCURRING OPINION