**2006–0309. State v. Crosby.**
Lucas App. No. L–03–1158, 2004-Ohio-4674. Reported at 109 Ohio St.3d 1426, 2006-Ohio-1967, 846 N.E.2d 535. On motion for reconsideration. Motion denied.

**2006–0310. Olynyk v. Andrish.**
Cuyahoga App. No. 86009, 2005-Ohio-6632. Reported at 109 Ohio St.3d 1427, 2006-Ohio-1967, 846 N.E.2d 535. On motion for reconsideration. Motion for reconsideration granted to the following extent:

The discretionary appeal is accepted and the cause is consolidated with 2006–0235, *Olynyk v. Andrish,* Cuyahoga App. No. 86009, 2005-Ohio-6632.

PFEIFER, J., dissents.

# CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS
## June 22, 2006

[Cite as *06/22/06 Case Announcements,* 2006-Ohio-3140.]

## MOTION AND PROCEDURAL RULINGS

**2003–2036. State v. Barton.**
Warren App. No. 03CR20526. This cause came on for further consideration of appellant's motion to schedule a competency evaluation to determine whether the defendant is competent to waive further appeals and his request for a stay of execution so that the competency evaluation can be completed. Upon consideration thereof,

IT IS ORDERED by the court that this cause is remanded to the Court of Common Pleas of Warren County for the following limited purpose:

The court of common pleas is directed to promptly hold an evidentiary hearing to determine whether the defendant's competency to waive further appeals should be psychiatrically evaluated. The court shall further determine whether such decision was voluntarily, knowingly, and intelligently made. The trial court should consider any matters reflecting on the defendant's competency submitted by the defense counsel or the state.

IT IS FURTHER ORDERED by the court that, as soon as the court of common pleas has conducted this evidentiary hearing and made the appropriate findings of fact, the court of common pleas should announce its ruling. Should the trial court rule that a competency evaluation ought to be conducted, R.C. 2945.371, Section (B) should be followed for appointing an examiner to conduct the evaluation; Section (F) should be followed in directing the examiner to consider "all relevant evidence" in completing the evaluation; and Section (G) should be followed for the format and timeframe for the completion of the examiner's report. Any examiner appointed by the trial court should apply the test set forth in *State v. Berry* (1995), 74 Ohio St.3d 1504, 659 N.E.2d 796, in conducting the psychiatric evaluation. At all times during this limited remand, this court shall retain jurisdiction of this cause.

IT IS FURTHER ORDERED that the appellant's motion for a stay of execution is denied.

O'DONNELL, J., would deny the motion to schedule a competency evaluation.

**2004–0892. Fostoria v. Ohio Patrolmen's Benevolent Assn.**
Seneca App. No. 13–03–26, 2004-Ohio-1945. This cause came on for further consideration of appellee's response to this court's March 29, 2006, show cause order. Upon consideration thereof,

IT IS ORDERED by the court that the appellee, the City of Fostoria, is hereby found in contempt of this court for failing to fully comply with this court's September 14, 2005, judgment entry and opinion and November 23, 2005, entry on reconsideration.

IT IS FURTHER ORDERED that appellee may purge itself of contempt by making payment to each employee affected by this court's prior decisions in this case within thirty days of the date of this order. Failure to comply will result in the imposition of additional sanctions.